MAYE L. HENDRY, Respondent, v. JUDGE & DOLPH DRUG COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed November 7, 1922.

1. **NEGLIGENCE: Personal Injuries: Druggists: Delivering Wrong Medicine: Failure to Read Label: Not Negligence as a Matter of Law.** In an action to recover for injuries caused by negligently selling and delivering to plaintiff a can labeled "Roachsault," a poison, instead of harmless Rochelle salts, as called for, which Roachsault was not labeled "Poison" as required in the sale of poisons by section 3625, Revised Statutes 1919, *held* under the evidence, that the failure of plaintiff to read or examine the label attached to the can did not constitute negligence as a matter of law.

Hendry v. Judge & Dolph Drug Co.

2. **APPELLATE PRACTICE: Verdict for Plaintiff: Evidence: Viewed on Appeal: Most Favorable to Plaintiff.** Where the error complained of was the insufficiency of the evidence to sustain the verdict in that the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law, the appellate court must view the evidence in the light most favorable to plaintiff, and must admit as true, not only the facts proved, but every inference that may reasonably be drawn from the evidence.

3. **DRUGGISTS: Negligence: Poisons: Statute: Failure to Label Poison: Negligence Per Se.** If the contents of a box sold by a druggist was a substance usually denominated a poison, then the failure to label the box as required by section 3625, Revised Statutes 1919, constituted negligence *per se* and rendered the druggist liable for injuries resulting from such breach.

4. **INSTRUCTIONS: Druggists: Selling Poisons: Evidence: Conflicting: Instruction Omitting Essential Elements: Error.** In an action to recover for injuries resulting from taking a dose from a can labeled "Roachsault" which was sold by defendant druggist as Rochelle salts, wherein the defendant contested the issue raised in the pleading on the question whether the substance known as "Roachsault" was a poison, and where the evidence on that issue was conflicting, and also denied by its pleadings that plaintiff was injured, an instruction attempting to cover the whole case and concluding with a direction to find for plaintiff if the jury found the hypothetical facts therein mentioned to be true was reversible error, in that it failed to require a finding as essential to plaintiff's recovery, that Roachsault was a poison, and that plaintiff was injured as a result of taking it; such omission not being cured by defendant's instruction wherein the omitted element was required to be found before a recovery could be had.

5. **————: Instruction Purporting to Cover Whole Case and Directing Verdict: Must Contain All Elements.** In an action to recover for personal injuries, an instruction attempting to cover the whole case and concluding with a direction to find a verdict for plaintiff if the hypothetical facts mentioned therein were found true, should have required the jury to find all the elements necessary for plaintiff to recover.

Appeal from the Circuit Court of the City of St. Louis,
—*Hon. Robt. W. Hall*, Judge.

REVERSED AND REMANDED.

*Jones, Hocker, Sullivan & Angert* for appellant.

(1) The pleadings and evidence fail to show any liability on the part of the defendant. (a) The petition is based upon an action *ex delicto*, specifying the alleged violation of the statutory duty to label Roachsault "poison" and to inform plaintiff of its dangerous character. It does not charge defendant with such knowledge and other requisites as are held by this court to be necessary to hold a druggist liable independently of the statute. Harmon v. Plapao Laboratories, 218 S. W. 702, 703, 9 R. C. L. 703; sec. 10; Brown v. Marshall, 47 Mich. 576; Willson v. Faxon, 208 N. Y. 108; Case Note, Ann. Cas. 1914D, p. 51. (b) The plaintiff was guilty of contributory negligence as a matter of law. Fisher v. Golladay, 38 Mo. App. 540; Peterson v. Westman, 103 Mo. App. 680; Wohlfahrt v. Beckert, 90 N. Y. 494, 495; Drug Co. v. Watkins, 185 Ala. 653; Case Note, 9 L. R. A. (N. S.) 342. (c) The evidence does not show that the alleged injuries were the proximate result of the alleged sale of Roachsault. Meyer v. King, 72 Miss. 1, 35 L. R. A. 474; Hudson v. Railroad, 101 Mo. 34; Barkley v. Railroad, 96 Mo. 367; Brown v. Mulford Co., 198 Mo. App. 586; Case Note, 36 Am. St. Rep. 807. (d) A druggist is not liable for selling proprietary articles in the original package without making an analysis of their contents, especially where not obviously dangerous. The evidence shows Roachsault such a preparation, labeled in accordance with the Act of Congress of April 26, 1910, known as "The Insectide Act." Gibson v. Torbit, 56 L. R. A. 101; West v. Emanuel, 47 Atl. 965; Wise v. Morgan, 44 L. R. A. 548; Peaslee-Gaulbert Co. v. McMath, 39 L. R. A. (N. S.) 465; Clement v. Rommeck, 149 Mich. 595, 113 N. W. 286; 9 R. C. L. 706. (2) Plaintiff's instruction No. 1 is erroneous. It purports to cover the whole case and directs a verdict, but fails to require the jury to find all of the prerequisites to a recovery by the plaintiff. Such an instruction cannot be cured by other instructions, even if there are other instructions supply-

ing such omissions. Harmon v. Plapao Laboratories, 218 S. W. 701; State ex rel. v. Ellis, 272 Mo. 582; Murdock v. Dunham, 206 S. W. 915; Fagan v. McRae, 169 N. Y. S. 577; Hollingsworth v. Midwest Serum Co., 162 N. W. 620. (3) Plaintiff's instruction No. 3 is erroneous. Said instructions assumes plaintiff's injuries, and there are no other instructions which can be held to cure such error. Fullerton v. Fordyce, 121 Mo. 13; Torreyson v. United Rys. Co., 246 Mo. 696; Flannigan v. Nash, 190 Mo. App. 578; Reel v. Investment Co., 236 S. W. 43; Gunn v. Hemphill Lumber Co., 218 S. W. 978. (4) The court erred in refusing defendant's instructions Nos. 3, 4 and 6. Said instructions were proper under the pleadings and evidence. The defendant had a right to submit its theory of the case and evidence to the jury. Allen v. St. Louis Transit Co., 183 Mo. 436; Sullivan v. Chauvenet, 186 S. W. 1090. (5) The court erred in refusing defendant's instruction No. 9. Said instruction submitted the very plausible theory of mistake without negligence, and the same should have been given under the evidence in the case. 9 R. C. L. 703, sec. 10; Case Note, Ann. Cas. 1914D, p. 51. (6) The court erred in refusing defendant's instruction No. 11. Authorities, supra, Point 4. The remarks of counsel for plaintiff in his opening argument and the failure of the court to reprimand counsel constitute reversible error. Haake v. Milling Co., 168 Mo. App. 180. (8) The verdict of the jury is excessive and manifestly the result of passion and prejudice on the part of the jury.

*John B. Reno* for respondent.

BRUERE, C.—This is an action to recover for injuries received by the plaintiff through the alleged negligence of the defendant's servant.

The petition, in substance, charges that plaintiff applied to the defendant, at its place of business, for Rochelle salts and that the defendant, by its agent and

servant, negligently and carelessly furnished and delivered to her, instead thereof, "Roachsault," which is alleged to be a poisonous drug and insecticide; that she was unfamiliar with the character and appearance of Rochelle salts and had never used the same, but had been advised that it was a mild purgative; that believing the defendant had furnished her with "Rochelle salts," as called for by her and represented by plaintiff, and relying upon said representation and believing the contents of the package delivered to her to be "Rochelle salts," she swallowed two tablespoonfuls of the mixture, contained in said package, with the intention and purpose of taking a mild purgative, and that as a result of using the contents of said package she suffered great pain and permanent injury. The petition also charges that said sale was made without affixing to the package containing said "Roachsault" the word "poison."

The answer is a general denial coupled with a plea, alleging that whatever injuries plaintiff may have sustained were caused and contributed to by her own negligence in carlessly taking a preparation which was obviously not intended for human consumption, which fact could have been ascertained by the exercise of ordinary care.

A trial by jury resulted in a verdict and judgment in favor of the plaintiff and defendant appeals.

Among the errors complained of we find (1) insufficiency of the evidence to sustain the verdict, in that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law; (2) giving, by the court, of plaintiff's instruction No. 1.

The facts proved were briefly these: Plaintiff went to the store of defendant, who is druggist, and called for Rochelle salts. She was waited upon by a clerk of defendant who delivered to her a can of "Roachsault." Supposing that the can delivered to her contained the salts called for, plaintiff upon her return home took two tablespoonfuls of the contents thereof in a glassful of water, with the intention of taking same as a mild purga-

tive, and very soon thereafter, and as a result of taking said substance, felt violent pains in the region of her abdomen, became afflicted with vomiting and suffered from an acute gastritis; thereafter plaintiff examined the can and found she had taken "Roachsault."

The evidence further disclosed that the can was wrapped in a piece of plain wrapping paper of the defendant and that on neither the wrapper nor the can did the word "poison" appear, to advise the plaintiff of the poisonous and dangerous character of said drug.

The can was introduced in evidence and it is here as an exhibit. It is about three and one-half inches in height and about one and one-half inches in diameter. Across three-quarters of its face is printed the word "Roachsault" and on the other quarter appears a small picture of a roach; and also printed matter, in small type, giving directions as to how to use the saults. On the top thereof appear the words, "To use push down points."

It further appears from the evidence that plaintiff opened the can in accordance with the direction thereon given, but, before taking of the contents thereof, did not read or examine the label thereon.

The evidence further tends to prove that plaintiff went to defendant's drug store to purchase Rochelle salts on the advice of a friend, who recommended it to her as a mild purgative; and that plaintiff had never purchased or taken any of said salts and was wholly unfamiliar with its character and appearance.

A chemical analysis of the substance contained in said can was made, which disclosed that it consisted of fifty-five per cent sodium fluoride, five per cent mixture and forty per cent siliceous matter.

There was a contrariety of opinion expressed by the physicians examined as to the poisonous character of "Roachsault." The evidence on the part of the plaintiff tended to show that the said mixture was usually denominated a poison and that adduced by the defendant tended to show the contrary.

In determining the sufficiency of the evidence this court must view the evidence in the light most favorable to plaintiff and must admit as true not only the facts proved but every inference that may reasonably be drawn from the evidence. Thus viewing the evidence the question, whether the plaintiff was guilty of contributory negligence, was for the jury to decide.

This action is bottomed on negligence or the non-performance of a legal duty to the plaintiff. The act complained of—the act which led to the injury—was negligently selling and delivering to the plaintiff a poison instead of the harmless salts called for.

The defendant in selling the drug in question impliedly warranted that it was the article called for and purchased by the plaintiff. The evidence is conclusive that plaintiff was not aware of the poisonous character of the article delivered to her, when she partook of it, but relied on the defendant's warranty to furnish the article called for. The substitution of the poisonous for the harmless article rendered the defendant liable to the plaintiff for injury proximately resulting from its negligence or breach of duty.

Moreover, the statute law of Missouri, section 3625, Revised Statutes 1919, imposes on the defendant the duty not to sell any substance, usually denominated a poison, without having the word "poison" plainly written or printed on a label attached to vial, box, vessel or package containing same and a violation of that duty is denounced as a crime punishable by fine.

It is conceded that the defendant failed to place a label on the box in question containing the word "poison." If the contents of the box was a substance usually denominated a poison, then the failure to label the box, as required by the statute, constituted negligence *per se* and rendered the defendant liable to plaintiff for injuries resulting from such breach.

This statute was designed to protect the public against injury of the character suffered by the plaintiff. It prescribes a legal way in which the seller shall

advise the purchaser of the poisonous character of the substance sold, to-wit, to plainly mark said substance "poison;" any other marking will not protect the seller.

The plaintiff herself removed the wrapper from said can and opened same. She therefore must have looked at the can but did not inspect it sufficiently to discover anything suspicious to invite further investigation. If the can had been plainly labeled "poison," as required by the statute, a mere glance at the can would have apprised plaintiff of the dangerous character of the substance she was about to take, and doubtless this accident would not have happened.

Under the facts in this case we cannot say that the court should have declared that the failure of plaintiff to read or examine the label, attached to the can, constituted negligence *as a matter of law.* [Fisher v. Golladay, 38 Mo. App. 531; Kelley v. Ross, 165 Mo. App. 475, 148 S. W. 1000; Peterson v. Westman, 103 Mo. App. 677, 77 S. W. 1015; 9 R. C. L., sec. 9, p. 703; Moran v. Drake Drug Co., 134 N. Y. (Supp.) 995; Brunswig v. White, 70 Tex. Sup. 506, 8 S. W. 85; Knoefel v. Atkins, 40 Ind. App. 428.]

The defendant complains of the action of the court in giving plaintiff's instruction No. 1, which reads thus:

"The court instructs the jury that if they believe from the evidence, that on or about July 15, 1919, the plaintiff entered the drug store of defendant and requested of one of defendant's agents or servants, hired by defendant for the purpose of selling drugs and medicines in retail quantities for medicinal purposes, the purchase of a small quantity of "Rochelle salts," a mild purgative, and that there and then said agent or servant of defendant sold and delivered to plaintiff a compound known as "Roachsault" instead of "Rochelle salts;" and if the jury further find and believe from the evidence that in so selling the plaintiff "Roachsault," if you find defendant did so sell, the defendant failed to use ordinary care, as defined in these instructions, then you will find your verdict in favor of the plaintiff, if you find that

plaintiff exercised ordinary care at the time.''

Observe that the defendant contested the issue, raised in the pleading, on the question whether the substance known as ''Roachsault'' was a poison and that the evidence on that issue was conflicting. Also observe that the defendant denied, by its pleadings, that plaintiff was injured. Observe further that this instruction attempts to cover the whole case and concludes with a direction to find a verdict for plaintiff, if the jury found the hypothetical facts mentioned therein to be true; the instruction, therefore, should have required the jury to find all the elements necessary for plaintiff to recover.

One of the essential elements of plaintiff's case, requisite to the right of the plaintiff to recover, and which was left out of consideration in said instruction, was a finding, by the jury, that ''Roachsault'' was a poison as charged in the petition. This omission was not cured (as plaintiff contends), by defendant's instruction No. 6, wherein the omitted element was required to be found by the jury before a recovery could be had.

The instruction was further erroneous in leaving out of consideration a finding by the jury that plaintiff was injured as the result of taking ''Roachsault.''

We are constrained to hold that the giving of this instruction was reversible error. [State v. Ellison, 270 582, 195 S. W. 722; Hall v. Coal & Coke Co., 260 Mo. 369, 168 S. W. 927.]

Because of the error in giving the above instruction the judgment herein should be reversed and the cause remanded; the commissioner so recommends.

PER CURIAM:—The opinion of Bruere, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed and the cause remanded. *Allen, P. J.*, and *Becker* and *Dawes, JJ.*, concur.