Frank Andreottala *vs.* Alfonso Gaeta.

Suffolk.     March 9, 1927. — May 23, 1927.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Wait, JJ.

*Negligence,* Of pharmacist.   *Agency,* Scope of employment.   *Deceit.*

At the trial of an action of tort against the proprietor of a pharmacy, there was evidence that, after the plaintiff had purchased from a registered pharmacist, in charge of the pharmacy on behalf of the defendant, a mixture for relief of a cough, he took a dose of it and the next day consulted a physician, who upon examination determined that "he was suffering from bronchitis" and gave him a prescription; that the plaintiff sent a messenger to the pharmacy with the prescription who, at his request, asked the pharmacist if the prescription was for the same medicine as was sold to him the previous day and, if it was not, to have the prescription filled; that the pharmacist erroneously told the messenger "that the medicine contained in the bottle was the same as that called for by the prescription and that there was no need to have the prescription filled and told her further to tell that to the plaintiff and to tell him to take the medicine"; and that by reason of the plaintiff's not having the correct medicine his condition was aggravated and he suffered damage.   *Held,* that

(1) A verdict properly was ordered for the defendant on a count of the declaration alleging in substance that the defendant's employee "negligently and unskilfully delivered to the plaintiff a substance other than and different from that called for in" the prescription;

(2) A verdict properly was ordered for the defendant on a count in the declaration alleging that the defendant's employee, upon the plaintiff's presenting to him the medicine previously sold and the prescrip-

tion with the request that if the medicine previously sold was that called for in the prescription, "then either to compound the said prescription or not as the prescription required", undertook so to do but "grossly, negligently and unskilfully . . . represented to the plaintiff that the substance" formerly sold him "was that called for by the said prescription."

A third count in the declaration in the action above described contained allegations in substance that the defendant represented to the plaintiff that the medicine formerly sold the plaintiff was that required by the prescription; that the representation was false and made with intent that the plaintiff should rely on it; that the defendant's employee knew it was false; and that the plaintiff relied on it, believing it to be true, and was injured. There was evidence supporting those allegations. *Held,* that

(1) The representations of the defendant's employee were not gratuitous;

(2) The representations were part of negotiations for a proposed sale which the employee was authorized to make, and proof of actual knowledge by him that the representations were false and that he intended to deceive the plaintiff was unnecessary;

(3) The affirmative statements by the employee were made, not as matter of opinion or as an estimate of judgment, but as based on his expert knowledge of drugs and their therapeutic value and effect;

(4) The defendant was bound by the employee's representations;

(5) A verdict for the plaintiff on the third count was warranted.

Tort.   Writ dated July 10, 1922.

The declaration as amended was in three counts.   In the first count the plaintiff alleged in substance that the defendant conducted a pharmacy "and pretended and held himself and his servants or agents out as skilled in the practice of compounding physician's prescriptions and dispensing medicines and drugs"; that "the plaintiff presented to the defendant a physician's prescription to be compounded and the defendant through his agents or servants thereupon undertook so to do"; and "that the defendant, his agents or servants negligently and unskilfully delivered to the plaintiff a substance other than and different from that called for in said prescription, and in consequence thereof the plaintiff became poisoned and diseased."

The allegations of the second count were in substance that "the plaintiff presented to the defendant, his agents or servants, a physician's prescription to be compounded, together with a bottle of certain substance theretofore compounded, sold and delivered to the plaintiff by the defendant,

his agents or servants, with a request that if the medicine theretofore sold and delivered to the plaintiff as aforesaid was that called for in the said prescription then either to compound the said prescription or not as the prescription required. And the defendant, his agents or servants, so undertook to do"; and that "the defendant, his agents, or servants, grossly, negligently and unskilfully, in attempting so to do, represented to the plaintiff that the substance theretofore compounded, sold and delivered to the plaintiff was that called for by the said prescription"; and that the substance so delivered was "a substance other than and different from that called for in the said prescription, and in consequence thereof the plaintiff became poisoned and diseased."

The substance of the third count was "that the defendant, his agents or servants, falsely and fraudulently represented to the plaintiff that a certain substance compounded, sold and delivered by the defendant, his agent or servants, to the plaintiff was that required by a prescription presented by the plaintiff to the defendant, his agents and servants, that the said representation was false and fraudulent and made with the intent that the defendant rely and act upon it. . .; that the plaintiff believing the said representation to be true, and relying thereon administered said substance to himself, but that said substance so compounded was other than and different from that called for in said prescription, as the defendant, his agents or servants, well knew, and in consequence thereof the plaintiff became poisoned and diseased."

The action was tried before *Quinn*, J. Material evidence and rulings by the judge are stated in the opinion. The judge ordered verdicts for the defendant on the first and second counts of the declaration. The jury found for the plaintiff on the third count in the sum of $500. Both parties alleged exceptions.

The case was submitted on briefs.

*M. L. Orlov*, for the plaintiff.

*J. C. Johnston*, for the defendant.

BRALEY, J. The jury on conflicting evidence warrantably could find the following facts. The plaintiff, an illiterate shoemaker, was operated on for tonsilitis in the latter part

of July, 1920, by one Dr. Cohen. The operation was successful and the plaintiff shortly after returned to his work. But on the fifteenth of the following August a cough developed and he went to the defendant's pharmacy known as the "Revere Pharmacy," which was in charge of one Louis Costanza during the defendant's absence in Europe. The plaintiff asked Costanza, who was a registered pharmacist, for something to relieve his cough, and thereupon Costanza prepared and sold to the plaintiff a bottle containing a dark brown liquid which had the ordinary label of the pharmacy with the words, "Creo. Turp. Virg. Acqa," and directions for taking the contents. It however contained no codeine or other narcotic. The plaintiff took a dose of it and the next day consulted Dr. Cohen, who upon examination determined that "he was suffering from bronchitis," and gave him a prescription. The plaintiff on reaching his home in the evening gave this prescription with a $2 bill to a messenger, and instructed her to go to the defendant's pharmacy, and have the prescription filled. But he also suggested that the bottle of medicine previously purchased should be taken to the pharmacy, and instructed the messenger to inquire if the prescription "was the same thing and if not the same thing to have the prescription filled." The messenger accordingly went to the pharmacy and handed the prescription and bottle of medicine to Costanza, and told him that Frank Andreottala, the plaintiff, wanted the prescription filled, and also "wanted to know if the medicine in the bottle was the same thing as that called for by the prescription. . . . "if it was not, he wanted the prescription filled." Costanza after examining the bottle, and the prescription, said, "that the medicine contained in the bottle was the same as that called for by the prescription and that there was no need to have the prescription filled and told her further to tell that to the plaintiff and to tell him to take the medicine." The messenger returned, and after being informed of what Costanza had said, the plaintiff took several doses of the medicine. But, his cough having increased, accompanied by fever and chills, he was compelled to leave his work, and returned home and went to bed.

Dr. Cohen was called and found him suffering from bron-chitis, "severely aggravated, incipient pulmonary abscess and destruction of lung tissue," which condition had been developing more than twenty-four hours when Dr. Cohen was consulted. The medicine prescribed "was of a light pink color," and the plaintiff's medical expert testified, and it could be found, that the lack of codeine, which was the operative ingredient of the prescription, from the time the messenger returned with the unfilled prescription and the bottle of medicine which the plaintiff took until the following afternoon when the doctor discovered that the plaintiff had not had the prescription filled, "aggravated his condition and caused the injuries complained of."

The trial judge rightly directed a verdict for the defendant on the first and second counts of the amended declaration. There was no evidence that the defendant negligently com-pounded, and delivered to the plaintiff a medicine different from Dr. Cohen's prescription, or that the defendant, his servants or agents, were guilty of gross negligence in repre-senting to the plaintiff "that the substance theretofore com-pounded" was the same as the medicine prescribed. *Altman* v. *Aronson*, 231 Mass. 588, 591.

The judge also rightly declined to order a verdict for the defendant on the third count which rests upon the alleged representations of the defendant, that the compound in the bottle as to its medicinal ingredients was the same as those called for in the prescription. The defendant is bound by the representations of Costanza, who was in charge of the pharmacy with authority to compound and sell medicines. *Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp. Ltd.* 247 Mass. 162. See G. L. c. 112, §§ 27, 31, 38, 39, 41. The representations were not gratuitous, as the defendant con-tends. They were part of the negotiations for a proposed purchase, and sale which Costanza was authorized to make, and proof of actual knowledge by him that the representa-tions were false, and that he intended to deceive the plaintiff was unnecessary. The affirmative statements of Costanza, the jury could find, under instructions to which no exceptions were taken, were made not as matter of opinion, or as an

estimate of judgment, but were based on his expert knowledge of drugs, and their therapeutic value and effect. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, 404.

We have considered the exceptions of each party in so far as argued and the entry must be,

*Plaintiff's exceptions overruled.*
*Defendant's exception overruled.*