22905. WATKINS *v.* JACOBS PHARMACY COMPANY.

Decided November 18, 1933.

*H. C. Holbrook, S. H. Baynes,* for plaintiff.
*Slaton & Hopkins,* for defendant.

Per Curiam. The petition in this case alleges that a doctor furnished a written prescription to the plaintiff, containing a one per cent. solution of gentian violet, with written directions thereon that it be used gently as a mouth wash three times daily, that the doctor also advised the plaintiff to use the prescription in her eyes; that the druggist, in filling the prescription for the plaintiff, made a solution of three per cent. gentian violet, and that the solution was too strong to be used in her eyes, and that, acting under instructions of her doctor, she used the prescription in her eyes, and in consequence thereof her sight was destroyed. The question presented is, does such a petition set forth a cause of action as against a demurrer on the ground that "said prescription does not indicate that it was to be used for the eyes, but only referred to a mouth wash, and there is no allegation that this defendant was responsible for the use of the mouth wash as an eye wash?" The prescription calls for a one per cent. solution, which it was alleged could be safely used in the eyes. Can it be said if the doctor himself bought such a solution from a druggist and was furnished with a three per cent. solution instead of one per cent. as specified, and then he himself used or caused to be used such solution in the eyes of a patient, causing blindness, no cause of action would lie as against the druggist? We feel no doubt that a cause of action would lie under such circumstances. Then, does the fact that a prescription called for a one per cent. solution to be used as a mouth wash relieve the druggist from responsibility when he negligently furnished a stronger and more dangerous solution, and such solution is used as eye wash, thereby causing injury, when it is alleged that the solution ordered would be safe as an eye wash? We think not.

40

"While a person charged with negligence is liable only for those injuries which a prudent man in the exercise of care could have reasonably foreseen or expected as the natural and probable consequence of his act or his omission of duty, it must not be supposed that the principle thus stated requires that he should have been able to foresee the injury in the precise form in which it in fact resulted or to anticipate the particular consequence which actually flowed from his act or omission of duty. In other words, it is not necessary to a defendant's liability, after his negligence has been established, to show, in addition thereto, that the consequences of his negligence could have been foreseen by him; it is sufficient that the injuries are the natural, though not the necessary and inevitable, result of the negligent fault—such injuries as are likely, in ordinary circumstances, to ensue from the act or omission in question." 22 R. C. L. 125. "The test is: would ordinary prudence have suggested to the person sought to be charged with negligence that his act or omission would probably result in injury to some one?" 22 R. C. L. 126.

The principle of law is well settled that a druggist impliedly warrants that the article he sells is the article called for, and is liable for breach of such warranty for injury resulting in giving the purchaser the wrong article. Hendry v. Judge & Dolph Drug Co., 211 Mo. App. 166 (245 S. W. 358). The legal doctrine caveat emptor should in cases of vendors of drugs be caveat vendor. Fleet v. Hollenkemp, 13 B. Monroe (Ky.), 219 (56 Am. D. 563). A high degree of care and caution is called for by the peculiar and dangerous nature of such business. Smith v. Middleton, 112 Ky. 588 (66 S. W. 388, 56 L. R. A. 484, 99 Am. St. R. 308). Therefore, the sole question in this case is, is the injury sustained the natural and probable result of the wrongful act? Hooper, J., in *Maddox Coffee Co.* v. *Collins, 46 Ga. App.* 220 (167 S. E. 306), said: "It is properly a question for the jury, under allegations of the petition, whether on the one hand the plaintiff's injuries were the natural and probable consequence of the defendant's negligence, or whether, on the other hand, the defendant was bound to anticipate such a use of the coffee as that to which it was put by the plaintiff." The question in that case was whether a manufacturer of coffee who allows broken glass to become mixed with the coffee he sells is liable to a purchaser thereof who eats and swallows

such coffee, instead of using it in the ordinary way by making a drink out of it. It is a well established rule in Georgia that it is only where it *clearly and palpably* appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury, that the court may upon general demurrer, as a matter of law, so determine. *Martin* v. *Mc-Afee,* 31 *Ga. App.* 690 (122 S. E. 71); *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518); *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820); *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203). The proximate and juridic cause of the injury under the allegations of this petition was a matter for the jury and the court erred in sustaining the demurrer.

*Judgment reversed. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*