43154.  JACOBS PHARMACY COMPANY, INC. v. GIPSON.

Argued October 5, 1967—Decided November 16, 1967—
Rehearing denied December 4, 1967.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Thomas H. Harper, Jr.*, for appellant.

*Moffett & Smith, F. Glenn Moffett, Jr.*, for appellee.

DEEN, Judge. 1. This action is proceeding on two theories which are here discussed separately, both as to the demurrer and summary judgment rulings. Taking Count 3 first, the question is whether an actionable tort is alleged. It is apparent that her mother in purchasing the drug acted as the plaintiff's agent so that her acts are imputable to the plaintiff, but also that she did not tell her daughter the employee did not actually fill the prescription but instead gave her a packaged article which he described as the "same thing." *Code* § 105-1103 provides: "If a vendor of drugs and medicines, by himself or his agent, either knowingly or negligently shall furnish the wrong article or medicine, and damage shall accrue from the use of the drug or medicine furnished to the purchaser, his patients or his family, or his property, the vendor shall be liable for the injury done." In *Watkins v. Jacobs Pharmacy Co.*, 48 Ga. App. 38 (171 SE 830) a druggist filled a prescrption calling for 1% gentian violet with a 3% solution of the drug, and the purchaser, using it in her eyes, was injured. The court held that a cause of action was set forth. That reasoning applies here; the additional facts, however, show circumstances which might have put the plaintiff on notice that what she received was not in the form prescribed, and the sole question therefore is whether her contributory negligence is such as to bar her from recovery. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." *Code* § 105-603. The rule that for a plaintiff to recover he must have exercised ordinary care so as to avoid the consequences to himself of the defendant's negligence is not limited to negligence which may have been actually discovered but extends to negligence which might have been discovered in the exercise of ordinary care. *Lanier v. Turner*, 73 Ga. App. 749 (38 SE2d 55). Yet, what constitutes such negligence is ordinarily a jury question. *Harvey v. Zell*, 87 Ga. App. 280 (1a), 284 (73 SE2d 605). Whether the plaintiff should have relied on the prescription in the face of the information contained on the bottle is one for jury determination.

2. This case proceeds also on the theory of a breach of express warranty. "(1) Express warranties by the seller are cre-

ated as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." *Code Ann.* § 109A-2—313. Clearly the written order or prescription was the basis of the bargain. "The rule of caveat emptor does not apply to a sale of drugs; a druggist . . . warrants the good quality of the drug sold, that the article is of the kind he contracted to sell, and, as to a sale on a prescription, that he used due and proper care and skill." 28 CJS 512, Druggists, § 6c. See also Andreotalla v. Gaeta, 260 Mass. 105 (156 NE 731), where the pharmacist represented that a certain packaged remedy was the same as what the plaintiff's prescription called for, and taking the substitute drug caused injury. The court held that the defendant's representations regarding the ingredients in the compound sold were a part of the negotiations for the proposed purchase and that liability might be predicated thereon. See also 79 ALR2d 332, Anno., § 13. In an action predicated on breach of warranty there is of course no defense *per se* of contributory negligence, but it is a jury question as to whether the injuries resulted from the breach, or whether the plaintiff's acts in using a drug contrary to the instructions on the package was so unreasonable as to be the sole proximate cause of her injuries. This also is a jury question.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*