A91A0481. SPARKS v. KROGER COMPANY et al.
(407 SE2d 105)

BANKE, Presiding Judge.

The appellant had a medical prescription filled at a pharmacy operated by The Kroger Company in one of its supermarkets, and the pharmacy dispensed to him a drug other than the one called for by the prescription. He brought this action against The Kroger Company, the pharmacist who was on duty when he presented the prescription, and the pharmacist who was on duty when the drug was

dispensed to him, seeking to recover for injuries he had allegedly sustained as a result of the mistake. The defendants moved to dismiss the action based on the appellant's failure to comply with OCGA § 9-11-9.1 (a), which requires that "[i]n any action for damages alleging professional malpractice, the plaintiff shall . . . file with the complaint an affidavit of an expert competent to testify . . . set[ting] forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." The trial court granted the motion, and this appeal followed. *Held*:

1. The appellant contends that OCGA § 9-11-9.1 (a) is not applicable to this case because his claim was not based on professional malpractice but on OCGA § 51-1-25, which provides as follows: "If a vender of drugs and medicines, by himself or his agent, either knowingly or negligently furnishes the wrong article or medicine and damage accrues to the purchaser, his patients, his family, or his property from the use of the drug or medicine furnished, the vender shall be liable for the injury done." As we read this statutory provision, it does nothing more than codify, with respect to vendors of drugs and medicines, the general common law duty of all persons to exercise reasonable care and diligence to avoid injuring others. Where a vendor of drugs or medicines is a licensed pharmacist and is sued on the basis of allegations that he negligently dispensed the wrong drug in filling a medical prescription, the claim against him clearly is for professional malpractice; and we find nothing in OCGA § 51-1-25 which would obviate the need for compliance with OCGA § 9-11-9.1 in such a case.

2. The appellant similarly contends that his claim should have been allowed to proceed on a breach of warranty theory, based on the principle set forth in *Watkins v. Jacobs Pharmacy Co.,* 48 Ga. App. 38 (171 SE 830) (1933), "that a druggist impliedly warrants that the article he sells is the article called for, and is liable for breach of such warranty for injury resulting in giving the purchaser the wrong article." However, the plaintiff's right to recovery in the *Watkins* case was quite clearly considered by this court to be dependent on whether the defendant druggist had been negligent and whether his alleged negligence had proximately resulted in injury to the plaintiff. We find nothing in *Watkins* which would suggest that a druggist may be held liable in such a case without a showing of negligence amounting to professional malpractice.

3. The appellant alternatively contends that filling a prescription with the wrong medicine constitutes such plain and palpable negligence that a prima facie entitlement to recovery may be established in such cases without resort to expert opinion testimony, and that there is consequently no reason for requiring an expert affidavit in such cases. We must concede that this argument has a certain logical

appeal. However, "[n]otwithstanding the fact that there is a 'judicially-created rule' dispensing with the expert-evidence requirement in cases of 'clear and palpable' professional negligence, it was held in *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988), cert. denied 259 Ga. (1989), that OCGA § 9-11-9.1 supersedes this rule, so that even in cases of 'clear and palpable' professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint." (Footnote omitted.) *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (383 SE2d 867) (1989).

4. The appellant contends that the action should have been allowed to proceed against The Kroger Company even if his failure to submit a supporting affidavit with his complaint pursuant to OCGA § 9-11-9.1 (a) required the dismissal of his claims against the two pharmacists. However, an examination of the complaint reveals that the claim against The Kroger Company was predicated solely on allegations that the two pharmacists were employed by it and were acting within the scope of their employment at all times pertinent to the action. Under these circumstances, the trial court correctly concluded that the appellant's failure to comply with § 9-11-9.1 constituted a complete defense to the claim against the company as well as the claims against the pharmacists. See *Southern Eng. Co. v. Central Ga. EMC*, 193 Ga. App. 878, 879 (3) (389 SE2d 380) (1989); *Housing Auth. of Savannah v. Gilpin &c. Planners*, 191 Ga. App. 400 (381 SE2d 550) (1989), aff'd sub nom. *Housing Auth. of Savannah v. Greene*, supra.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 24, 1991.

*Linda C. Simms*, for appellant.
*Richard E. Miley, Edward L. Speese*, for appellees.