**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 28, 2024**

# In the Court of Appeals of Georgia

A23A1291. MCGHEE v. PUBLIX SUPER MARKETS, INC.

A23A1292. MCGHEE v. OLUWOLE.

LAND, Judge.

Stacy McGee filed a complaint against Publix Supermarkets and Dr. Olujimi Oluwole for professional malpractice to recover for injuries she sustained after being prescribed a medication that she was allergic to.[1] The trial court granted Publix's motion to dismiss the complaint for failure to file an affidavit of a pharmacologist or pharmacist, as required by OCGA § 9-11-9.1. The trial court granted Dr. Oluwole's motion to dismiss on the grounds that the OCGA § 9-11-9.1 expert affidavit failed to specifically state at least one act or omission by Dr. Oluwole and because McGhee

---

[1] The other two defendants, Neighborhood Medical Associates and Esther Onyirimba (a nurse practitioner), were dismissed from the suit in January 2022.

released her claims against Dr. Oluwole when she signed a release as part of a settlement agreement with another party. In Case No. A23A1291, McGhee appeals from the order dismissing her complaint against Publix, arguing that she did not have to file an expert affidavit under OCGA § 9-11-9.1 because her claims arose in general negligence and not professional negligence.[2] In Case No. A23A1292, McGhee appeals from the order dismissing her complaint against Dr. Oluwole, arguing that the expert affidavit was sufficient and that she did not release her claims against Dr. Oluwole. For the following reasons, we affirm in Case No. A23A1291 and reverse in Case No. A23A1292.

This Court reviews the grant of a motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts in support thereof. *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 752 (751 SE2d 545) (2013).

---

[2] At the outset, we note that McGhee's appellate brief does not fully comply with the rules of this Court because it fails to provide citations to the appellate record for many of her factual claims. See Court of Appeals Rule 25 (a) (5) (requiring appellant's brief to include "appropriate citations to the record," and Rule 25 (d) (1) (i) (requiring each enumerated error to be "supported in the brief by specific reference to the record or transcript").

So viewed, the record shows that McGhee filed a complaint for negligence and professional malpractice against Publix, Neighborhood Medical Associates, Inc., Nurse Practitioner Onyirmba and Dr. Oluwole. In her complaint, McGhee alleges that she sought treatment at Neighborhood Medical on January 14, 2020 and was seen by Onyirimba, an advanced practice registered nurse. Upon arrival at Neighborhood Medical, McGhee filled out an intake form and listed the substances to which she was allergic, including sulfa drugs. McGhee was examined by Onyirimba, who prescribed some medications for McGhee, including Bactrim, a sulfa drug. McGhee's complaint alleges that Neighborhood Medical did not use a computer-based system that would alert a prescribing provider if a patient was prescribed a contraindicated drug. Although Dr. Oluwole is the supervising physician for Onyirimba, the complaint does not allege that he ever met or individually treated McGhee.

The complaint alleges that McGhee then went to a Publix Pharmacy and that the pharmacy dispensed the Bactrim to her "without performing any type of investigation regarding allergic reactions." Soon after she began to take the medication, McGhee "began experiencing an allergic reaction," and she reported to

the emergency room where "doctors determined that [she] had a severe allergic reaction to Bactrim, which resulted in an extended hospitalization of thirteen days."

Count One of the complaint alleges a medical malpractice claim against Publix under respondeat superior for "allowing a contraindicated drug to be prescribed, filled and delivered to" McGhee. and for "failing to question [McGhee] about known allergies, nor do any investigation of any kind regarding allergies, before dispensing the prescription." Count One also alleges a medical malpractice claim against Dr. Oluwole for failing to "utilize a computer-based system of alerting employees of the [Neighborhood Medical] of contraindicated medications when written in the chart," and contends that Dr. Oluwole was "responsible for actions of the agents and/or employees of Defendant Neighborhood Medical . . . under the doctrine of Respondeat Superior, and as such is responsible for the negligence of [nurse practitioner] Onyirimba."

Count Three of the complaint alleges that Pubilx was negligent for "present[ing] itself to the general public as the entity filling their prescription and present[ing] themselves as appropriately licensed to do so." The complaint further alleges that McGhee "relied upon the prestige and goodwill of the Publix name and

4

business practice [such] that any allergies she may have would have been either discovered or a part of her file"; and that "Publix is responsible for the acts of the pharmacy and the prescription medication dispensed by virtue of its representations to the public, independent of the conduct of a pharmacist, though it appears in this case that no pharmacist was consulted."

In an effort to comply with OCGA § 9-1-9.1, the complaint attached the expert affidavits of Dr. Rabahuddin Syed and Barbara Karraker, a family nurse practitioner. Dr. Syed averred that he is a licensed physician who is familiar with the "standards of care [that] apply to appropriate medical and nursing management of patients in the dispensing of antibiotics." Dr. Syed stated that the "writing of a prescription for antibiotics and filling of such prescription must be protected by protocols that ensure that each step operates as a gatekeeper to prevent tragic allergic reactions." Dr. Syed then opined that Publix violated the standard of care by "relying on a 10+ year-old pharmacy record and failing to question [McGhee] with regard to allergies at the time of dispensing medication." Dr. Syed opined that Dr. Oluwole violated the standard of care by "failing to establish protocols to alert him of contraindicated medications being dispensed by the nurse practitioner."

Karraker, a nurse practitioner, opined in her affidavit that it is "essential that whenever antibiotics are dispensed, either by a physician or nurse practitioner or pharmacologist, that an inquiry be made of the patient as to their allergies with regard to such substances," and that Publix failed to exercise the degree of care acceptable to the medical community generally when it failed to question the patient with regard to her allergies.

McGhee then settled the lawsuit against Neighborhood Medical, its agents, and nurse practitioner Onyirimba in exchange for $325,000 and a "Release of all claims" executed on January 21, 2022. The Release states that, in exchange for the settlement sum, McGhee

> hereby releases, acquits and forever discharges Neighborhood Medical Associates, Inc., Esther Onyirimba . . . as well as each of their estates, heirs, executors, subsidiaries, entities, business units, affiliates, owners, directors, members, managers, officers, partners, representatives, shareholders, attorneys, independent contractors, subcontractors, employees, . . . and servants hereinafter "RELEASED PARTIES"[.] RELEASED PARTIES do not include any claims that may exist against the supervising physician in his individual, contractual, and /or statutory capacity, and all others not affiliated or associated with the business of Neighborhood Medical Associates.

Dr. Oluwole and Publix filed motions to dismiss the complaint, which the trial court granted after a hearing. These appeals followed.

1. In Case No. A23A1291, McGhee argues that the trial court erred by granting Publix's motion to dismiss for failure to provide an expert affidavit of a pharmacist or pharmacologist in compliance with OCGA § 9-11-9.1 and OCGA § 24-7-702 (c). McGhee argues that she was not required to file an expert affidavit pursuant to OCGA § 9-11-9.1 (a) because her claims against Publix sounded in simple negligence and not professional negligence. We are unpersuaded.

> A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor.

(Citation, punctuation, and footnotes omitted.) *Cruz Pico v. Brady*, 345 Ga. App. 859, 860 (815 SE2d 190) (2018).

Pursuant to OCGA § 9-11-9.1 (a), a claim alleging professional negligence against a "professional licensed by the State of Georgia and listed in subsection (g) of this Code section; [or] [a]ny licensed health care facility alleged to be liable based

upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subjection (g) of this Code Section," must file an expert affidavit with this complaint. See OCGA § 9-11-9.1 (g) (16) (OCGA § 9-11-9.1's expert affidavit requirements apply to pharmacists). This affidavit must be by "an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Failure to comply with the affidavit requirement subjects a malpractice claim to dismissal. *Crawford v. Johnson*, 227 Ga. App. 548, 551 (2) (a) (489 SE2d 552) (1997).

However, "not every suit which calls into question the conduct of one who happens to be a medical professional is a [professional] malpractice action. We look to the substance of a claim in deciding whether OCGA § 9-11-9.1 (a) applies." (Punctuation and footnotes omitted.) *Oduok v. Fulton Dekalb Hosp. Auth.*, 340 Ga. App. 205, 207 (1) (797 SE2d 133) (2017). The

> key factor is the existence or absence of allegations that the defendant-professional has rendered negligent professional services. Ultimately, when the failure to do a thing, or the negligent doing of it, is proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a 'professional' act or practice.

(Punctuation and footnotes omitted.) Id. at 207 (1). "We are not bound by [McGhee's] characterization of [her] claims, and we instead must review the complaint de novo to discover the nature of the claims." (Citation and punctuation omitted.) *Dodge County Hosp. Auth. v. Seay*, 366 Ga. App. 1, 4 (880 SE2d 571) (2022 With these standards in mind, we address each of McGhee's claims.

McGhee argues that OCGA § 9-11-9.1's expert affidavit requirement is not applicable in this case because she did not sue a Publix pharmacist directly. Instead, McGhee argues that her claims are for simple negligence based upon the failure of Publix's "business model where [Publix] would keep pharmacy records on behalf of consumers who purchase prescription drugs from Publix pharmacy." However, McGhee's complaint states otherwise. In Count One of the complaint McGhee alleges a professional negligence claim against Publix, contending that the company "is responsible under a theory of Respondeat Superior" for the actions of its agents or employees in "allowing a contraindicated drug to be prescribed, filled, and delivered" to McGhee. McGhee claimed that Publix was "negligent in failing to question [McGhee] about known allergies, nor do any investigation of any kind regarding allergies, before dispensing the prescription." See e. g., *Sparks*, 200 Ga. App. 135, 136

(1) (407 SE2d 105) (1991) ("Where a vendor of drugs or medicines is a licensed pharmacist and is sued on the basis of allegations that he negligently dispensed the wrong drug in filling a medical prescription, the claim against him clearly is for medical malpractice").

Further, Count Three of the complaint alleges that Publix negligently created a "business model" for dispensing medications prescribed by medical professionals that enabled her to ingest a prescription drug to which (unbeknownst to Publix) she was allergic, causing her to sustain injury. Regardless of its focus on a Publix "business model," McGhee's theory of negligence directly implicates Publix's exercise of professional skill, expertise and judgment in operating a pharmacy. See *Dodge County Hosp. Auth.*, 366 Ga. App. at 6-7 (affirming dismissal of complaint for failure to comply with expert affidavit requirement of OCGA § 9-11-9.1 (a) when the claims against the hospital stemmed from the failure to communicate a patient's cancer diagnosis); *Sparks*, 200 Ga. App. at 137 (4) (trial court correctly granted motion to dismiss plaintiff's complaint against the Kroger Company arising from a medical prescription filled at a pharmacy operated by Kroger when plaintiff failed to comply with the expert affidavit requirements of OCGA § 9-11-9.1 (a)); *In re Carter*,

288 Ga. App. 276, 288 (4) (b) (653 SE2d 860) (2007) (affirming dismissal of claims against non-professional entity where underlying claim - failure to inform - sounded in professional negligence and no affidavit was included with complaint). Compare *Roberts v. Quick Rx Drugs*, 343 Ga. App. 556, 561 (1) (807 SE2d 476) (2017) (pharmacy cashier's act of handing patient the wrong prescription without confirming her identity raised only an issue of simple negligence, not professional malpractice).

In order to prove that Publix's actions in this case were inadequate, McGhee "must rely on the knowledge of experts with regard to what the applicable standard of care is, and whether that standard was breached. This is so because such knowledge is beyond the ken of a layman." *Epps v. Gwinnett County*, 231 Ga. App. 665, 666 (1) (499 SE2d 657) (1998). Based upon the above, the trial court did not err by concluding that McGhee was required to comply with the expert affidavit requirements of OCGA § 9-11-9.1 (a) and dismissing the claims against Publix for her failure to provide an adequate expert affidavit regarding the standards of care applicable to pharmacies and pharmacists.

2. In Case No. A23A1292, McGhee argues that the trial court erred by dismissing her complaint against Dr. Oluwole. The trial court's order dismissed

McGhee's complaint against Dr. Oluwole for two reasons, failure to file an expert affidavit that complied with OCGA § 9-11-9.1 (a) and because McGhee released any claims for injuries she suffered as a result of her visit to Neighborhood Medical. For the following reasons, we reverse the trial court's order dismissing her complaint against Dr. Oluwole.

(a) *Affidavit.* McGhee argues that the trial court erred by concluding that Dr. Syed's expert affidavit did not meet the requirements of OCGA § 9-11-9.1. We agree.

At the outset, we note that the trial court's order granting Dr. Oluwole's motion to dismiss appears to conclude that Dr. Oluwole is a pharmacist and holds that Dr. Syed's expert affidavit was insufficient to offer a competent standard of care criticism against a pharmacist. However, Dr. Oluwole is not a pharmacist but a physician overseeing nurse practitioners at Neighborhood Medical.

Nevertheless, we examine the trial court's ruling de novo,[3] viewing all well-pled allegations in the complaint as true. *Hobbs v. Great Expressions Dental Centers of Ga.*, 337 Ga. App. 248, 248 (786 SE2d 897) (2016). "Unlike OCGA § 9-11-56, which

---

[3] See *Alred v. Ga. Public Defender Council*, 362 Ga. App. 465, 471, n. 13 (869 SE2d 99) (2022) ("This Court may affirm a trial court's grant of a motion to dismiss if it is right for any reason, so long as the argument was fairly presented to the court below").

imposes an evidentiary requirement in the context of summary judgment on the plaintiff, OCGA § 9-11-9.1 merely imposes an initial pleading requirement on the merits in a malpractice action." See *Holmes v. Lyons*, 346 Ga. App. 99, 102 (1) (815 SE2d 252) (2018). The "sufficiency of the expert affidavit determines whether the complaint for malpractice is subject to dismissal for failure to state a claim." Id., citing OCGA § 9-11-9.1 (e). An expert affidavit filed under OCGA § 9-11-9.1 "should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible." (Citation and punctuation omitted.) *Crook v. Funk*, 214 Ga. App. 213, 214 (1) (447 SE2d 60) (1994).

Here, Dr. Oluwole contends that Dr. Syed's affidavit was fatally defective because it did not allege a negligent act or omission by Dr. Oluwole that *exactly* matched the negligent act or omission as alleged by McGhee in her complaint.

It is true that an expert affidavit must include at least one specific negligent act or omission giving rise to a malpractice claim. See OCGA § 9-11-9.1 (e). See *Crook*, 214 Ga. App. at 214 (1). And "our law is clear that an affidavit under OCGA § 9-11-9.1 which does not state specifically at least one negligent act or omission is fatally

defective." (Citation and punctuation omitted.) *Ziglar v. St. Joseph's/Candler Health Sys., Inc.*, 341 Ga. App. 371, 373 (800 SE2d 395) (2017).

The only claim raised by McGhee against Dr. Oluwole, individually, was that he failed to establish "protocols. . . that established a computerized alert with regard to contraindicated drugs despite the fact that this information was documented." Dr. Syed's expert affidavit does not state that Dr. Oluwole had a duty to create a *computerized* alert system but instead only states that Dr. Oluwole had a duty to create a "protocol" or "checklist" to ensure that nurse practitioners overseen by Dr. Oluwole did not prescribe contraindicated drugs and that he breached the standard of care by failing to create such a protocol or checklist.

Although Dr. Oluwole argues that Dr. Syed's affidavit was inadequate under OCGA § 9-11-9.1 (a) (3) because it did not specifically mention that Dr. Oluwole should have created a *computerized* protocol to prevent nurse practitioners from prescribing contraindicated drugs, we are not persuaded. Dr. Syed's affidavit clearly states that a supervising physician should have created a protocol or checklist to minimize the risk of a nurse practitioner prescribing a contraindicated drug. The fact that McGhee's complaint narrowed the claim by asserting that this protocol or

checklist should have been computerized does not make Dr. Syed's affidavit fatally defective. Although

> an unfavorable construction of the affidavit might be possible, construing it most favorably for plaintiffs and resolving all doubts in their favor, we find it met the minimum requirements of OCGA § 9-11-9.1 (a). Although the factual basis set forth in the affidavit was somewhat brief, it was sufficient to support at least one negligent act or omission [by Dr. Oluwole].

*Crook*, 214 Ga. App. at 214 (1). Compare *Ziglar*, 341 Ga. App. at 373 (affidavit was not sufficient on its face to satisfy OCGA § 9-11-9.1 when it stated that the nurses and staff at the hospital "failed to appropriately treat, assess and advocate" for plaintiff, but did "not contain any specific instances of any of those alleged failures").

(b) *Release.* As noted above, McGhee settled her claims against Neighborhood Medical and nurse Oniyirimba for $325,000. As part of that settlement, McGhee signed a release discharging Neighborhood Medical and nurse Onyirimba as well as their "parent companies... owners, directors, members, managers, officers, partners, representatives, . . . independent contractors, subcontractors, employees, . . . and servants." However, the release identifies that this category of "Released Parties," does "not include any claims that may exist against the supervising physician in his

*individual, contractual, and/or statutory capacity*, and all others not affiliated or associated with the business of Neighborhood Medical." (Emphasis supplied.)

Although the trial court's order correctly notes that McGhee failed to allege any claims against Dr. Oluwele directly arising from his contractual or statutory obligations, the complaint does in fact allege one count against Dr. Oluwole individually. Count One of the complaint seeks to hold Dr. Oluwole *individually* liable for failing to "provide or have the facility provide him with an acceptable computer-based alert system that would cause documented contraindications to be shown to the practitioner." Accordingly, under the plain terms of the settlement agreement, McGhee did not release Dr. Oluwole from liability for this claim against him in his *individual* capacity. Accordingly, we reverse the trial court's order in Case No. A23A1292.

*Judgment affirmed in Case No. A23A1291; and Judgment reversed in Case No. A23A1292. Barnes, P. J., and Watkins, J., concur.*

16