## 76919. BARR v. JOHNSON.
(375 SE2d 51)

BIRDSONG, Chief Judge.

The appellant Sarah Laverne Barr filed a legal malpractice action against attorney Johnson in two counts, tort and breach of contract. He, in answering, filed his own expert affidavit of competence, and also filed a motion to dismiss and motion for summary judgment, which the trial court granted before the plaintiff had been able fully to pursue her discovery rights.

She appeals on several grounds: that the grant of summary judgment wrongly usurped her discovery rights; that the trial court abused its discretion in denying her the right to file a counter motion pursuant to CPA Rule 56 (f); that the trial court erred in ruling the appellee's affidavit asserting due care supported summary judgment;

that the appellee's negligence was "clear and palpable" so as to relieve the plaintiff Barr of the necessity to file a counter expert affidavit; and in general, that the grant of summary judgment was error. *Held*:

The plaintiff's complaint alleges malpractice and lack of due care; and also alleges some specific instances of neglect and failure to exercise the professional standard of care and practice.

The judgment of the court below is correct. Effective July 1, 1987 (this malpractice action was filed in October 1987), the legislature enacted Ga. L. 1987, p. 887, § 3 (OCGA § 9-11-9.1), which provides: "In *any action* [with an exception inapplicable here] *for damages alleging professional malpractice*, the plaintiff *shall be required to file* with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." (Emphasis supplied.) This statute applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care.

This statute, enacted as part of the Civil Practice Act, provides the plaintiff *"shall be required to file with the complaint"* the specific expert affidavit. The plaintiff did not do so in this case. This mandatory direction necessarily preempts and supercedes the judicially-created rule relied upon here by the appellant, that no plaintiff's expert affidavit might be required in cases of malfeasance so "clear and palpable" as to be reasonably ascertained by the jury without expert evidence, see, e.g., *Hughes v. Malone*, 146 Ga. App. 341 (247 SE2d 107).

In Acts 1968, pp. 1104, 1109, the legislature provided, as to the Civil Practice Act then put in effect, "[t]his Title . . . *shall govern all proceedings* in actions brought after [September 1, 1967]. . . ." (Emphasis supplied.) See former Ga. Code § 81A-186 (CPA Rule 86). The Michie Official Code of Georgia, § 9-11-1 states unequivocally: "This chapter [11] governs the procedure in all courts of record of this state in all actions of a civil nature [except special statutory proceedings]."

The CPA sets forth what constitutes the commencement of an action in § 9-11-3; but in cases of professional malpractice, § 9-11-9.1 newly requires that to commence such an action, a certain expert affidavit shall be filed with the complaint. If the legislature sets forth a specific statutory means by which the plaintiff judicially enforces her cause of action, she must follow that law, or her action is subject to dismissal. OCGA § 9-11-41 (b). The former judicial rule, re *Hughes v. Malone*, supra, which held that an expert's affidavit was unnecessary in a case of negligence that is clear and palpable, had its faults, as it might take almost any case to a jury. With that problem evidently in

mind, the statute requires the plaintiff *to file with the complaint* an expert affidavit *setting forth at least one specific act of negligence or omission* which constitutes the claim of alleged negligence or breach of contract amounting to "malpractice," and the factual basis for each such claim. The legislature in its preamble to the Act (Ga. L. 1987, p. 887) stated the Act was intended to require plaintiffs to "set forth the particulars of the claim."

We are without authority to say § 9-11-9.1 does not apply, and the plaintiff shall *not* be required to file such an expert affidavit, if negligence is shown to be clear and palpable. If we were to say so, we would be repealing the act by violating its terms. We see no exception to it in this case, and no way to sustain the plaintiff's *action* for professional malpractice without her having complied with the mandatory provisions of § 9-11-9.1.

The trial court was correct in finding, after a hearing and review of the record, that the plaintiff had not complied with the mandatory statutory requirement for the bringing of an action for professional malpractice; and, having not filed with the complaint an expert affidavit setting forth at least one specific incident of alleged negligence her action was subject to dismissal, and it may be said that she raised no issue of fact as to any malfeasance of the defendant, by which to overcome the defendant's expert affidavit asserting his lack of negligence. Thus the trial court's grant of summary judgment was not incorrect. We find it unnecessary to examine any other enumerations of error.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 14, 1988 —
REHEARING DENIED NOVEMBER 3, 1988 — 

*Gary P. Bunch*, for appellant.
*Freeman & Hawkins, H. Lane Young II, T. Ryan Mock, Jr.*, for appellee.