A89A0231. HOUSING AUTHORITY OF SAVANNAH v. GILPIN + BAZEMORE/ARCHITECTS & PLANNERS, INC.

(381 SE2d 550)

POPE, Judge.

Appellant Housing Authority of Savannah was named as one of several defendants to a wrongful death action alleging a tenant at one of appellant's apartment buildings died of carbon monoxide poisoning as a result of the faulty design and construction of a heating system. Appellant filed a third-party complaint against appellee Gilpin + Bazemore/Architects & Planners, Inc. The third-party complaint alleged appellee contracted with appellant "to furnish all the professional services required for the design, architectural structural engineering [etc.]" for the renovation of the apartment building and was thus jointly liable with appellant for any damages which might be awarded to plaintiff. The lower court granted appellee's motion to dismiss for appellant's failure to file the affidavit of an expert witness contemporaneously with the third-party complaint as required by

OCGA § 9-11-9.1. We granted the petition for interlocutory appeal of appellant Housing Authority.

Appellant argues the requirement of OCGA § 9-11-9.1 does not apply to this case because its third-party complaint is not a professional malpractice claim but is a claim for contribution as a joint tortfeasor. However, the inescapable fact is that appellee is liable, if at all, only because of the alleged negligent execution of its contract for professional architectural and engineering services. Architecture is a professional service which must be exercised with that degree of care and skill as is ordinarily employed by the profession under similar conditions and circumstances. *Hudgins v. Bacon*, 171 Ga. App. 856, 859 (321 SE2d 359) (1984). "[OCGA § 9-11-9.1] applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988). If appellant's third-party claim is not a claim for professional malpractice, then it is no claim at all.

We reject appellant's argument that the third-party complaint cannot be considered a claim for professional malpractice because it was brought against an entity which is not organized as a professional corporation. By law, a corporation may not be registered to practice architecture but may practice only through registered individuals. OCGA § 43-4-10 (c). Thus, the fact that appellee is not a professional corporation as defined by OCGA § 14-7-1 et seq. does not mean it is incapable of committing and being liable for professional malpractice by and through its individual agents.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 5, 1989 —
REHEARING DENIED APRIL 27, 1989 —

*Willis J. Richardson, Jr.*, for appellant.

*Adams, Gardner, Ellis & Inglesby, George L. Lewis, Morton G. Forbes, James M. Thomas, A. Martin Kent, Oliver, Maner & Gray, Wendy W. Williamson, Thomas A. Withers*, for appellee.

