S89G0001. HOUSING AUTHORITY OF SAVANNAH v. GREENE et al.
(383 SE2d 867)

MARSHALL, Chief Justice.

We granted certiorari in this case, *Housing Auth. of Savannah v. Gilpin + Bazemore/Architects &c.*, 191 Ga. App. 400 (381 SE2d 550) (1989), in order to address two questions concerning OCGA § 9-11-9.1 (Rule 9.1 of the Civil Practice Act). Subsection (a) of OCGA § 9-11-9.1 provides:

> In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

The first question for decision is whether this statute applies to professional-malpractice actions against architects.

The second question is whether the statute is applicable to a third-party complaint brought under OCGA § 9-11-14 (Rule 14).

In this case, the Housing Authority of Savannah was named as one of multiple defendants in a wrongful-death action in which it is alleged that the decedent, Lula Laverne Greene, died as a result of carbon monoxide poisoning while residing in an apartment owned by the housing authority. It is further alleged that the carbon monoxide poisoning was caused by the faulty design and construction of the apartment's heating system. In its third-party complaint, the housing authority states that it contracted with Gilpin + Bazemore/Architects & Planners, Inc., for this architectural firm to furnish all of the professional architectural and engineering services required for the design and construction of the heating system.

The architectural firm filed a motion to dismiss the third-party complaint, because it did not have an expert affidavit attached thereto, as required by OCGA § 9-11-9.1. The trial court granted the motion to dismiss. After granting the housing authority's application for interlocutory appeal, the Court of Appeals affirmed.

1. The practice of architecture is recognized as a profession under Georgia statutory law. See OCGA § 43-4-1 et seq.; OCGA § 14-7-2 (2).

And, as held in cases exemplified by *Housing Auth. v. Ayers*, 211 Ga. 728, 733 (6) (88 SE2d 368) (1955), and *Hudgins v. Bacon*, 171 Ga. App. 856, 859 (1) (321 SE2d 359) (1984), persons performing architectural and engineering services are performing professional services, and the law imposes upon such persons the duty to exercise a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by their respective professions under similar conditions and like surrounding circumstances.

Thus, it is generally necessary to admit expert testimony in professional-malpractice cases such as this in order to establish the degree of skill and care ordinarily employed by the profession. See, e.g., *Hughes v. Malone*, 146 Ga. App. 341 (247 SE2d 107) (1978).

Notwithstanding the fact that there is a "judicially-created rule" dispensing with the expert-evidence requirement in cases of "clear and palpable" professional negligence, it was held in *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988), cert. denied 259 Ga. (1989), that OCGA § 9-11-9.1 supersedes this rule, so that even in cases of "clear and palpable" professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint.[1]

More importantly, however, for our purposes here, it was further held in *Barr v. Johnson*, supra, which was a legal-malpractice action, that OCGA § 9-11-9.1 "applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." 189 Ga. App. at 137.

*Barr v. Johnson's* rejection of the argument that OCGA § 9-11-9.1 applies only to medical-malpractice actions was followed in *Padg-*

---

[1] Subsection (b) of § 9-11-9.1 states that the contemporaneous filing requirement of subsection (a) does not apply where the period of limitation will expire within ten days of the date of the filing of the complaint, and the plaintiff alleges that an affidavit of an expert could not be prepared in a timely fashion because of such time constraints. In such cases, the plaintiff is given 45 days after the filing of the complaint to supplement the pleadings with the affidavit, although the trial judge is given various criteria for exercising discretion in extending such time. See *Glaser v. Meck*, 258 Ga. 468 (2) (369 SE2d 912) (1988); *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239 (375 SE2d 241) (1988).

In 1989, the General Assembly added subsections (e) and (f) to the statute. Subsection (e) generally provides that, except as allowed under subsection (b), where a plaintiff fails to file an affidavit contemporaneously with the filing of the complaint, the complaint is subject to dismissal for failure to state a claim and cannot be cured by amendment if the defendant raises this issue in its initial responsive pleading, unless a court determines that the plaintiff had the affidavit available and the failure to file the affidavit was the result of mistake. Subsection (f) sets down similar rules in regard to the plaintiff's being able to dismiss the complaint and renew it within six months under OCGA § 9-2-61, where the plaintiff fails to file the required affidavit with the complaint.

*ett v. Crawford,* 189 Ga. App. 568 (376 SE2d 724) (1988), and *Frazier v. Merrit,* 190 Ga. App. 832 (2) (380 SE2d 495) (1989), both of which were also legal-malpractice actions.

Consequently, we hold that, under the plain language of the statute, OCGA § 9-11-9.1 applies to "any action for damages alleging professional malpractice" on the part of an architect or other professional. See Div. 4, infra, for a discussion of the rules of statutory construction which lead to this holding.

2. We now move to the question of whether the statute is likewise applicable where, as here, the third-party defendant has been brought into the action based on assertions by the third-party plaintiff that, under allegations in the plaintiff's complaint, the third-party defendant is an unidentified joint tortfeasor with the third-party plaintiff, and, therefore, if the plaintiffs are entitled to an award of damages against the third-party plaintiff, the third-party plaintiff is entitled to contribution and indemnity from the third-party defendant.

We hold that it does. We agree with the reasoning of the Court of Appeals in this case that the statute is applicable here, since the third-party complaint does allege professional malpractice, and asserts a claim for damages.

Under the Civil Practice Act, an "action" is defined as meaning "the judicial means of enforcing a right." OCGA § 9-2-1 (1). A third-party complaint certainly comes within the scope of that definition.

3. While it is true that OCGA § 9-11-9.1 was enacted as section 3 of the Medical Malpractice Act of 1987 (Ga. L. 1987, p. 887 et seq.), it is likewise true that the remaining sections of this Act expressly apply to medical-malpractice actions or health-care providers,[2] whereas section 3 applies to "any action for damages alleging professional malpractice."

It is also true that the General Assembly, in its 1989 session, did amend OCGA § 9-11-9.1 (Ga. L. 1989, p. 419, § 3) by enacting subsections (e) and (f), which create rules to govern situations in which the plaintiff has the expert affidavit available prior to filing the complaint and fails to file the affidavit as the result of mistake. See fn. 1, supra.

And, it is stated in the preamble to the 1989 Act, as well as in an uncodified portion of the body of the Act, that OCGA § 9-11-9.1 "relat[es] to the requirement of an affidavit to accompany a complaint in an action for medical malpractice." Ga. L. 1989; pp. 419, 421-422.

---

[2] Section 2 of the Act amends OCGA § 9-3-73, relating to certain disabilities and exceptions applicable to the period of limitation for medical-malpractice actions. Section 4 enacts a new Code section, OCGA § 51-1-29.1, generally providing that where professional health-care services are provided on a gratuitous basis, no licensed health-care provider, licensed hospital, public school, nonprofit organization, or state agency shall be liable for injuries, damages, or death, unless gross negligence, or wilful or wanton misconduct, is established.

4. However, the decision in *Barr v. Johnson*, supra, was rendered on September 14, 1988, and the decision in *Padgett v. Crawford*, supra, was rendered on December 5, 1988, thereby antedating the enactment of the 1989 amendment to OCGA § 9-11-9.1. In view of this, and in further view of the fact that under its plain language, OCGA § 9-11-9.1 applies to "any action for damages alleging professional malpractice," we continue to hold that the applicability of the statute is not restricted to medical-malpractice actions.

Where the statutory language is plain and unequivocal, judicial construction is unauthorized, unless the literal language ascribes to the legislature a wholly unreasonable intention, or an intention to do a futile and useless thing, or where an obvious clerical or typographical error has been made. *City of Jesup v. Bennett*, 226 Ga. 606 (2) (176 SE2d 81) (1970) and cits. Also see *Hollowell v. Jove*, 247 Ga. 678 (279 SE2d 430) (1981).

In addition,

"[a]ll statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it,. . . and their meaning and effect is to be determined. . . with reference to other statutes and decisions of the courts. (Cits.)" *Poteat v. Butler*, 231 Ga. 187, 188 (1) (200 SE2d 741) (1973).

*Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 403 (349 SE2d 368) (1986).

5. Finally, it is argued that application of OCGA § 9-11-9.1 (Rule 9.1) to third-party practice under OCGA § 9-11-14 (Rule 14) would effectively deny defendants the right under OCGA § 9-11-8 (e) (2) (Rule 8 (e) (2)) to plead alternatively.

In this regard, OCGA § 9-11-8 (e) (2) allows a party to set forth two or more statements of a claim or defense alternatively or hypothetically, so that it is permissible for a defendant to deny liability as to the plaintiff's claim, while simultaneously impleading a third-party defendant and alleging that if the defendant/third-party plaintiff is liable to the plaintiff then the third-party defendant is liable to him. See *Ara Transp. v. Barnes*, 183 Ga. App. 424 (1) (359 SE2d 157) (1987) and cits.

It is argued here that a defendant cannot deny the allegations of the complaint, and, at the same time, file an affidavit swearing to the potential malpractice of a third-party defendant, in that such an affidavit would amount to an admission of the allegations the defendant seeks to deny. We disagree.

What OCGA § 9-11-9.1 (a) requires is that the expert affidavit set forth specifically at least one negligent act or omission "claimed to

exist" and the factual basis for each such claim.[3] It is unnecessary for the third-party plaintiff to either prove the alleged facts or admit that such facts are true. Under the statute, where a third-party complaint asserts a damage claim and alleges professional malpractice, it is only necessary that there be filed contemporaneously with the filing of the complaint the affidavit of an expert stating that, in his expert opinion, such facts, if true, would constitute professional malpractice.[4]

In *0-1 Doctors Memorial Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989), it was held:

We construe OCGA § 9-11-9.1 as establishing an "exception to the general liberality of pleading permitted under [the Civil Practice Act, OCGA § 9-11-1 et seq.]," *Continental Invest. Corp. v. Cherry*, 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971), by requiring when a malpractice suit is instituted that along with the complaint an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed by the defendant. The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED SEPTEMBER 28, 1989.

*Willis J. Richardson, Jr., for appellant.*
*Wendy Woods Williamson, A. Martin Kent, James M. Thomas,*

---

[3] In this regard, it should be noted that unlike other witnesses, expert witnesses often give testimony concerning hypothetical facts posed to them. In addition, although factual allegations in an affidavit ordinarily should be positively alleged as being true and within the affiant's personal knowledge, factual allegations of the affiant, based upon information or belief, are sufficient where either expressly or impliedly authorized by the statute. See *United States v. Bryant*, 111 U. S. 499 (4 SC 601, 28 LE 496) (1884); 3 AmJur2d 483, Affidavits, §§ 22-23 (1986).

[4] The third-party complaint here was dismissed without prejudice. Thus, if the defendant is held liable to the plaintiff in this suit, the defendant may then bring an action for contribution and indemnity against the third-party defendant.

However, it is argued that if the third-party plaintiff has to bring a subsequent suit against the third-party defendant, great additional litigation expenses and attorney fees will be incurred. On the other hand, it is also argued that if the third-party defendant is brought into the underlying action needlessly, it too will have to bear "incredibly great" litigation expenses and attorney fees.

for appellees.

*Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, J. Matthew Dwyer, Jr., Thomas C. Dempsey, William Woods White, George L. Lewis, Kent T. Stair, John T. Woodall, Louis B. Lusk, Jr.,* amici curiae.