A89A1003. PRECISION PLANNING, INC. v. WALL.
A89A1004. PRECISION PLANNING, INC. v. WILSON.
(387 SE2d 610)

DEEN, Presiding Judge.

The two appellees sued the appellant, Precision Planning, Inc., for professional malpractice as the project engineer of a construction project. The appellees filed their complaints on October 2, 1987, although the operative facts occurred in late 1985. In answering the complaints, the appellant raised the defense that the appellees had

not submitted the affidavit of an expert as required by OCGA § 9-11-9.1, which was effective July 1, 1987, and subsequently moved to dismiss the complaints on that basis. The appellees never attempted to amend their complaints to include an expert's affidavit. The trial court denied the appellant's motions, after finding that OCGA § 9-11-9.1 affected substantive rights and thus was to be applied prospectively only. This interlocutory appeal followed. *Held*:

"Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. [Cits.] On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. [Cits.] . . . Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations. [Cit.]" *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).

In the instant case, the OCGA § 9-11-9.1 requirement of submitting an expert's affidavit along with the complaint did not affect the substantive right of action for professional malpractice; it alters neither the standard of care to be applied nor the measure of recovery. The statute merely prescribes a procedure for enforcing that right, evidently with the purpose of preventing frivolous or unsustainable actions. Accordingly, the trial court erred in applying the statute prospectively only, and in denying the appellant's motions to dismiss. Compare *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988). See also *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989).

*Judgments reversed. Birdsong and Benham, JJ., concur and also concur specially.*

BENHAM, Judge, concurring specially.

In light of the Supreme Court's recent decision in *Housing Auth. of Savannah v. Greene*, 259 Ga. 435 (383 SE2d 867) (1989), I must agree that OCGA § 9-11-9.1 is applicable to suits alleging professional malpractice other than medical malpractice. Should the legislature determine that OCGA § 9-11-9.1 has been interpreted more broadly than that enacting body intended, it has the power to rewrite the statute.

I also wish to point out that appellee Wilson's argument that OCGA § 9-11-9.1 is unconstitutional was not raised in the trial court and therefore cannot be addressed by the appellate courts.

I am authorized to state that Judge Birdsong joins in this opinion.

DECIDED OCTOBER 31, 1989.

Carter & Ansley, Ben Kingree, Michael A. Coval, for appellant.
Jerry Phillips, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Swift, Currie, McGhee & Hiers, Donald F. Daugherty, Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, for appellees.