A89A2228. SOUTHERN ENGINEERING COMPANY v.
CENTRAL GEORGIA ELECTRIC MEMBERSHIP
CORPORATION et al.
(389 SE2d 380)

DEEN, Presiding Judge.

Mr. & Mrs. Kneip, not parties to the instant appeal, were injured when a truck owned by Gordon Mobile Home Carriers (also not a party to this appeal) and operated by one of its employees swerved into the path of their automobile in order to avoid striking a utility pole that had fallen into Gordon's own traffic lane. The Kneips brought a negligence action against the driver and owner; the latter filed a third-party complaint against the pole's owner, appellee Central of Georgia Electric Membership Corporation (Central), which in turn filed suit against the firm responsible for inspecting the poles, appellant Southern Engineering Company (Southern). The Kneips subsequently named Southern and Central as additional parties defendant, again charging negligence. Neither the Kneips nor Central filed with their respective complaints an affidavit, pursuant to OCGA § 9-11-9.1 (a), setting forth specific acts which constituted professional malpractice on Southern's part.

In its answer Southern raised the defense of failure to file the affidavits required by the cited Code section and moved to dismiss on this ground. The Kneips, Gordon and its insurer, and Central argued that § 9-11-9.1 (a) is applicable only to medical malpractice actions; that engineering is not recognized as a profession under Georgia law; and that the employee responsible for actually inspecting the poles was not an engineer or a professional of any kind. They further contended that the cited section does not apply to third-party actions and that, moreover, since the defense was not raised until after the statute of limitation had expired for the voluntary dismissal and subsequent renewal of the action, a substantial injustice would be perpetrated if they were not allowed a reasonable time to file amended complaints with affidavits attached. The trial court denied the motion to dismiss, and Southern filed an interlocutory appeal which this court granted. *Held:*

1. We first address the applicability of OCGA § 9-11-9.1 to the

engineering profession and to a third-party defendant. In *Housing Auth. of Savannah v. Greene*, 259 Ga. 435 (383 SE2d 867) (1989), the Supreme Court, reading the statutory language literally, held that OCGA § 9-11-9.1 applies to a malpractice claim against a member of any profession recognized as such under Georgia law. See OCGA §§ 43-4-1; 14-7-2 (2). In *Greene* the court held at p. 436: "[P]ersons performing architectural and engineering services are performing professional services, and the law imposes upon such persons the duty to exercise a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by their respective professions under similar conditions and like surrounding circumstances." See *Precision Planning v. Wall*, 193 Ga. App. 331 (387 SE2d 610) (1989) (concurring opinion). See also *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988), cert. denied 259 Ga. ___ (1989).

2. *Greene* further held, at 437, that the statute is applicable to a third-party complaint, as well as otherwise. Therefore, the statute is applicable to a defendant in the posture of Southern Engineering.

3. We next consider whether the statute can be invoked, as here, by an engineering *firm* named as a party defendant, as distinguished from an individual so named. This issue was not expressly addressed by the Supreme Court on certiorari. OCGA § 14-7-4 (b) provides that "[a] professional corporation shall engage in the practice of a profession only through its officers, employees, and agents who are duly licensed or otherwise legally authorized to practice the profession in this state." In the instant case, as in *Greene*, the fourth-party defendant was not organized as a professional corporation. The holding of this court in *Housing Auth. of Savannah v. Gilpin &c. Architects*, 191 Ga. App. 400 (381 SE2d 550), on that particular issue applies by analogy to the instant case: "We reject appellant's argument that the third-party complaint cannot be considered a claim for professional malpractice because it was brought against an entity which is not organized as a professional corporation. By law, a corporation may not be registered to practice architecture but may practice only through registered individuals. OCGA § 43-4-10 (c). Thus . . . the fact that appellee is not a professional corporation as defined by OCGA § 14-7-1 et seq. does not mean it is incapable of committing and being liable for professional malpractice by and through its individual agents." *Gilpin* at 401, supra. In the instant case, therefore, the statute was properly invoked.

4. Having established that the statutory requirement does apply to Southern Engineering, and that the affidavits of expert witnesses should have been filed with the complaint, we turn to the allegation that plaintiff's failure to file such affidavits is a non-amendable defect. In *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239 (375 SE2d 241) (1988), aff'd 259 Ga. 153 (377 SE2d 847) (1989), this court noted at

240 that the Supreme Court had held that a defendant in a malpractice action "had waived the defect created by the plaintiffs' failure to file the required affidavit contemporaneously with their complaint by waiting until after the statute of limitation had run on the claim to assert the defect." Moreover, the court, relying on *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), held that, since the plaintiff had been precluded from voluntarily dismissing the complaint and filing a renewal action, dismissal by the court would be contrary to the principle set forth in OCGA § 9-11-8 (f) that "(a)ll pleadings shall be so construed as to do substantial justice." Id. at 241.

In *Meck* the defendant did not raise the defense of failure to file the required affidavit in his responsive pleading as required by OCGA § 9-11-12 (b), but waited three months and then raised this defense in an amended pleading. By that time the statute of limitation had run. In the instant case, in contrast, Southern raised the defense in its initial pleading, filed August 23, 1988 (18 days after expiration of the statute), in compliance with OCGA § 9-11-12 (b). That Southern was not served until a few days before August 5, 1988, when the statute expired, is the fault not of Southern, but of the plaintiffs.

Thus distinguished on a significant factual point, *Meck* cannot be relied on by appellees to support the argument that an amended complaint should be allowed because the statute of limitation had run by the time the defense of § 9-11-9.1 was raised. The trial court erred in denying Southern's motion to dismiss the action for plaintiffs' noncompliance with the affidavit requirement of the statute.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 30, 1989 —
REHEARINGS DENIED DECEMBER 11 AND DECEMBER 13, 1989 —

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, R. Michael Ethridge*, for appellant.

*Jesse Copelan, Jr., C. Robert Melton, David G. Kopp, Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt*, for appellees.