S90G0518. KNEIP et al. v. SOUTHERN ENGINEERING
COMPANY et al.
S90G0453. CENTRAL GEORGIA ELECTRIC
MEMBERSHIP CORPORATION v. SOUTHERN
ENGINEERING COMPANY et al.
(395 SE2d 809)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *Southern Engineering Co. v. Central Georgia EMC,* 193 Ga. App. 878 (389 SE2d 380) (1989) to once again examine the meaning of the word "professional" as set out in OCGA § 9-11-9.1, and to determine whether the affidavit requirement of that Code section applies in this case.

The facts, more fully set forth in the Court of Appeals opinion are as follows. The Kneips were injured when a truck owned by Gordon Mobile Home Carriers and operated by one of its employees, swerved into the path of their car to avoid striking a utility pole that had fallen into Gordon's traffic lane. The Kneips sued the driver and owner of the truck, and the latter filed a third-party complaint against the pole's owner, Central Georgia Electric Membership Corporation (Central) which in turn filed a suit against the firm responsible for inspecting the poles, Southern Engineering Company (Southern). The Kneips later named Southern and Central as additional parties defendant.

Neither the Kneips nor Central filed with their complaints against Southern affidavits under OCGA § 9-11-9.1 (a) setting forth specific acts constituting professional malpractice and Southern moved to dismiss on that ground. The Court of Appeals, reversing the trial court's denial of Southern's motion, held that the affidavit requirement of OCGA § 9-11-9.1 (a) applied in this case and that failure to file the affidavit was a non-amendable defect where, as here, Southern raised that defense in its initial pleading.

1. The Kneips did not appeal from the dismissal of their claims against Southern, and were not parties to the appeal in the Court of Appeals. Accordingly, their appeal in Case No. S90G0518 is dismissed.

2. The requirements of OCGA § 9-11-9.1 (a) apply to the engineering profession. We recently rejected Central's argument that the foregoing statute is limited to medical malpractice actions in *Housing Auth. of Savannah v. Greene,* 259 Ga. 435 (1) (383 SE2d 867) (1989). In that case, we held that, under the plain language of the statute, OCGA § 9-11-9.1 applies to " 'any action for damages alleging profes-

sional malpractice.'" Id. at 437. We also noted that

> ... persons performing ... *engineering services* are performing professional services, and the law imposes upon such persons the duty to exercise a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by their respective professions under similar conditions and like surrounding circumstances.

(Emphasis supplied.) Id. at 436.

3. We must next determine whether the affidavit requirements of OCGA § 9-11-9.1 (a) apply in this case. In its third-party complaint against Southern, Central alleged that the inspection and report of the inspection by Southern's employees were performed in a negligent manner so that the deterioration of the pole remained undetected, resulting in the fall of the utility pole which proximately contributed to the injuries in this case. Southern's inspection of the pole was conducted under a contract between Central and Southern whereby Southern agreed to perform *engineering services* for Central by reviewing Central's network, including the inspection of its utility poles. Further, Central has stated in its responses to discovery that it expects to call expert witnesses at trial who will testify that Southern's inspection of the pole should have revealed the pole was so deteriorated that it ought to have been replaced. Under these facts, Central was required to attach to its complaint the appropriate affidavit under OCGA § 9-11-9.1 (a).

Central contends the alleged acts of negligence on the part of Southern are not "professional acts" within the meaning of OCGA § 9-11-9.1 (a). We recognize there are instances in which actions performed by or under the supervision of a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence. See, e.g., *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198) (1988); *Candler General Hosp. v. McNorrill*, 182 Ga. App. 107 (354 SE2d 872) (1987); *Self v. Executive Committee*, 245 Ga. 548 (266 SE2d 168) (1980). Central's claim, however, does not fall within this category of simple negligence cases. Its assertions of negligence could be established only by professional or expert testimony.

4. Central contends dismissal of its action under OCGA § 9-11-9.1 (e) for failure to file an expert's affidavit is inappropriate because that subsection was not effective and the law regarding the applicability of the statute to claims for engineering malpractice was not clear, until after the time of the filing of its claims against Southern. For the reasons expressed in *Precision Planning v. Wall*, 193 Ga. App. 331 (387

SE2d 610) (1989), we reject Central's arguments that OCGA § 9-11-9.1 (e) is not subject to retroactive application.

However, we agree that, in light of the legislative history of the statute, and the unclear state of the law at the time Central filed its complaint against Southern, it would be manifestly unfair to dismiss Central's complaint. OCGA § 9-11-9.1 was enacted as § 3 of the Medical Malpractice Act of 1987 (Ga. L. 1987, p. 887 et seq.). As we noted in *Housing Auth. of Savannah v. Greene*, supra, the preamble to the 1989 Act, amending OCGA § 9-11-9.1 (Ga. L. 1989, p. 419, § 3) (by enacting subsections (e) and (f), which require dismissal of a complaint alleging professional malpractice filed without an affidavit, where the defendant raises the failure to file the affidavit in its initial responsive pleading, except under certain circumstances not applicable here), as well as the uncodified portion of the body of the Act, states that OCGA § 9-11-9.1 "relate[s] to the requirement of an affidavit to accompany a complaint in an action for medical malpractice." Ga. L. 1987, pp. 419, 421-422. Id. at 437. Moreover, *Housing Auth. of Savannah v. Greene*, holding that OCGA § 9-11-9.1 applies to all actions alleging professional malpractice, was decided on September 28, 1989, and the Court of Appeals cases applying that Code section to non-medical malpractice actions, *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988); *Padgett v. Crawford*, 189 Ga. App. 568 (376 SE2d 724) (1988), and *Frazier v. Merritt*, 190 Ga. App. 832 (380 SE2d 495) (1989), were not decided until after Central filed its action against Southern. Thus, at the time it filed its fourth-party complaint against Southern,[1] it was not unreasonable for Central to omit an affidavit in support of its claims against Southern for engineering malpractice.

Accordingly, the judgment in the Court of Appeals is reversed, with direction that the case be remanded so that Central may be granted a reasonable time in which to file the appropriate affidavit under OCGA § 9-11-9.1. We further point out that, as we intimated in *Housing Auth. of Savannah v. Greene*, it appears the legislature may have intended OCGA § 9-11-9.1 to be restricted to claims of medical malpractice. Of course, should the legislature determine that our decisions interpret the statute more broadly than it intended, it may rewrite the statute. See Justice Benham's special concurrence in *Precision Planning v. Wall*, supra at 332.

*Appeal dismissed in Case No. S90G0518. Judgment reversed and remanded in Case No. S90G0453. Clarke, C. J., Smith, P. J., Bell, Fletcher, JJ., and Judge Joseph B. Newton concur; Weltner,*

---

[1] We note that Central's claims against Southern were filed promptly, approximately one month after Central was brought in as a third-party defendant in this case.

*and Benham, JJ., not participating.*

DECIDED SEPTEMBER 27, 1990.

*David G. Kopp,* for appellants (case no. S90G0518).
*C. Robert Melton, Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt,* for appellant (case no. S90G0453).
*Webb, Carlock, Copeland, Semlar & Stair, Kent T. Stair, R. Michael Ethridge,* for appellees.