A90A1234. JORDAN, JONES & GOULDING, INC. v. WILSON.
(398 SE2d 385)

CARLEY, Chief Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellee-plaintiff was injured while inspecting machinery in a plant building. He filed suit against appellant-defendant, a registered and licensed engineering firm, and alleged that appellant had been negligent in its design and construction of the plant building and in its installation of the machinery therein. Appellee did not, however,

file an expert's affidavit along with his complaint. This lack of an expert's affidavit was raised as a defense in appellant's answer and appellant subsequently filed a motion to dismiss on the ground that appellee had failed to comply with the pleading requirements of OCGA § 9-11-9.1. The trial court denied appellant's motion to dismiss, holding that a negligence claim which is being asserted against a professional by a non-client is not a malpractice action within the ambit of OCGA § 9-11-9.1. The trial court did, however, certify its order for immediate review and appellant's application for an interlocutory appeal was granted.

1. OCGA § 9-11-9.1 provides, in pertinent part, that "[i]n *any action for damages alleging professional malpractice*, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." (Emphasis supplied.) This statute is not limited to medical malpractice claims, but is applicable, even retroactively, to suits against persons and corporations engaged in many professions, including that of engineering. *Housing Auth. of Savannah v. Greene*, 259 Ga. 435 (1) (383 SE2d 867) (1989), aff'g *Housing Auth. of Savannah v. Gilpin & Bazemore/Architects &c.*, 191 Ga. App. 400 (381 SE2d 550) (1989); *Southern Engineering Co. v. Central Ga. Elec. &c. Corp.*, 193 Ga. App. 878 (1) (389 SE2d 380) (1989); *Precision Planning v. Wall*, 193 Ga. App. 331 (387 SE2d 610) (1989).

The statute does not define an "action for damages alleging professional malpractice. . . ." However, it is clearly not the defendant's professional status which determines whether a suit in negligence *is* a malpractice action within the ambit of OCGA § 9-11-9.1. For example, a suit to recover for injuries sustained in a vehicular collision is not considered to be a malpractice action merely because the allegedly negligent defendant-driver is otherwise employed as a professional. However, contrary to the trial court's holding in the instant case, it is likewise clearly not the plaintiff's status as a non-client which determines whether a suit in negligence is *not* a malpractice action within the ambit of OCGA § 9-11-9.1. For example, a suit for loss of consortium arising from professional services afforded to one's spouse is not considered to be a simple negligence action merely because the plaintiff has no privity with the allegedly negligent defendant-professional.

The determinative factor as to whether a suit in negligence is or is not a malpractice action within the ambit of OCGA § 9-11-9.1 is the existence or absence of allegations that the defendant-professional has rendered negligent professional services. In the case wherein such allegations are made, resolution of the issue of the defendant's compliance with or deviation from the applicable standard of professional

conduct calls for "highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence." *Pilgrim v. Landham*, 63 Ga. App. 451, 454 (11 SE2d 420) (1940). Accordingly, any plaintiff, regardless of privity, who brings suit against a professional and seeks to recover for the alleged negligent performance of professional services *is* required by OCGA § 9-11-9.1 to file an expert's affidavit setting forth at least one specific negligent act or omission and the factual basis for such a claim. A lack of privity may ultimately defeat a plaintiff's professional malpractice claim. A lack of privity does not, however, dispense with a plaintiff's compliance with the initial pleading requirement of OCGA § 9-11-9.1 when he sues a professional and alleges a breach of the applicable standard of professional conduct.

2. Appellant is a professional engineering firm and appellee's complaint alleges that appellant was negligent in the performance of its professional engineering services. Accordingly, appellee has attempted to allege a professional malpractice claim against appellant. However, appellee did not file the expert's affidavit that is mandated by OCGA § 9-11-9.1. Although appellee's complaint was filed before the Supreme Court's decision in *Housing Auth. of Savannah v. Greene*, supra, it was filed after this court had clearly held that OCGA § 9-11-9.1 "applies to *any* action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." (Emphasis supplied.) *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988). See also *Padgett v. Crawford*, 189 Ga. App. 568 (376 SE2d 724) (1988) (which was likewise decided prior to the filing of appellee's complaint). Accordingly, the so-called "manifestly unfair" rationale of *Kneip v. Southern Engineering Co.*, 260 Ga. 409 (395 SE2d 809) (1990) is inapplicable in the instant case. It follows that the trial court erred in denying appellant's motion to dismiss appellee's malpractice claim.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 27, 1990 —
REHEARING DENIED OCTOBER 23, 1990 —

*Pursley, Howell, Lowery & Meeks, John R. Lowery*, for appellant.

*Burge & Wettermark, Michael J. Warshauer*, for appellee.

*McLain & Merritt, Robert B. Hill*, amicus curiae.