A90A1029. McLENDON & COX v. ROBERTS.
(398 SE2d 579)

Sognier, Judge.

Xavier Roberts brought suit against McLendon & Cox, a landscape architecture firm, and five other parties involved in the construction of an adjacent manufacturing facility. Roberts, a neighboring landowner, sought both injunctive relief and damages as a result of an increase in the volume and velocity of storm water runoff flowing across his property, which he alleged caused an increase in siltation and erosion. McLendon & Cox moved to dismiss the claims against it on the ground that the action was a malpractice action as to it, and Roberts had failed to attach to his complaint the affidavit of an expert as required by OCGA § 9-11-9.1 (a). The trial court denied the motion, and we granted McLendon & Cox's application for interlocutory appeal.

We reverse. Appellee correctly notes that as to some of the named defendants, the allegations in his complaint might sound in nuisance rather than negligence, and that negligence is not always a necessary element of a cause of action for nuisance. See *City of Macon v. Cannon,* 89 Ga. App. 484, 491-492 (3) (79 SE2d 816) (1954). In general, however, the owner of the property from which the nuisance emanates is the proper defendant in an action for damages flowing from the creation or maintenance of a nuisance. See generally OCGA § 41-1-5. Appellant does not own the property adjacent to appellee; it merely designed the landscaping of the property for the owner. Thus, in the case at bar, appellee's claim against appellant necessarily is based upon an allegation that appellant's work on the adjoining property was professionally deficient. That clearly categorizes appellee's action against appellant as one for "damages alleging professional malpractice" within the ambit of OCGA § 9-11-9.1 (a) rather than one for the creation or maintenance of a nuisance under OCGA § 41-1-4.

OCGA § 9-11-9.1 applies to professional malpractice suits against architects. *Housing Auth. of Savannah v. Greene,* 259 Ga. 435 (1) (383 SE2d 867), aff'g *Housing Auth. of Savannah v. Gilpin + Bazemore/Architects & Planners,* 191 Ga. App. 400 (381 SE2d 550) (1989). Although OCGA § 9-11-9.1 does not define the term "action for damages alleging professional malpractice," this court has held recently that the statute is not restricted to malpractice actions brought

by plaintiffs who were clients of the professional, but extends to any litigant who alleges harm as a result of the defendant professional's negligent performance of professional services. *Jordan, Jones & Goulding v. Wilson*, 197 Ga. App. 354 (398 SE2d 385) (1990). We thus find that the claims against appellant constituted an action for professional malpractice to which OCGA § 9-11-9.1 applies. Because there is no suggestion that appellee had the affidavit at the time he filed the complaint but failed to attach it because of a mistake, compare *St. Joseph's Hospital v. Nease*, 259 Ga. 153 (1) (377 SE2d 847) (1989), OCGA § 9-11-9.1 (e) applies. Thus, appellee's claim was subject to dismissal and his failure to comply with the statute was not an amendable defect. The Georgia Supreme Court's recent decision in *Kneip v. Southern Engineering Co.*, 260 Ga. 409 (395 SE2d 809) (1990) does not demand a different result, because when the instant action was filed, *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988); *Padgett v. Crawford*, 189 Ga. App. 568 (376 SE2d 724) (1988); *Frazier v. Merritt*, 190 Ga. App. 832 (380 SE2d 495) (1989); and *Housing Auth. of Savannah v. Gilpin + Bazemore/Architects & Planners,* supra, had been decided, and thus, unlike the situation in *Kneip*, supra, appellee was on notice that an affidavit was required. Accordingly, the trial court erred by denying appellant's motion to dismiss the claims against it.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 15, 1990 —
REHEARING DENIED NOVEMBER 6, 1990 —

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde,* for appellant.

*Vaughan & Murphy, Stanley F. Birch, Jr., Jeanne B. Hipes,* for appellee.