A91A1326. JACKSON v. DEPARTMENT OF
TRANSPORTATION et al.
(412 SE2d 847)

BEASLEY, Judge.

Plaintiff Jackson appeals the grant of summary judgment in favor of defendants Department of Transportation and its employee Jones, a maintenance engineer. In Jackson's action against DOT and its employees, he alleged that DOT was responsible for maintaining the state highway system; that Georgia Highway 144 in Camden County was a public road designated by DOT as part of the state highway system; that he was injured while driving on State Route 1850 (same road); and his permanent injuries were caused by defendants' negligent repair and maintenance of the road and the defective design and condition of the road. DOT and Jones filed answers in which they denied that the road in question was part of the state highway system and further asserted that Jackson had failed to attach an affidavit to the complaint as required by OCGA § 9-11-9.1, relating to actions for malpractice.

The Supreme Court has recently pronounced as to summary judgment: "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmov-

ing party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The court held: "[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the nonmoving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. at 495.

Jackson sought recovery based upon OCGA § 32-2-6 which provides that DOT is responsible for damages awarded against any county where the cause of action accrues on a public road designated by DOT as part of the state highway system. See *DOT v. Land*, 181 Ga. App. 94 (351 SE2d 470) (1986), affirmed in part and reversed in part, 257 Ga. 657 (362 SE2d 372) (1987).

Other Code sections also bear on the issues. OCGA § 32-4-1 (1) defines "state highway system." OCGA § 32-2-2 requires DOT to "plan, designate, improve, manage, control, construct, and maintain a state highway system" and to "have control of and responsibility for all construction, maintenance, or any other work upon the state highway system." DOT is forbidden by law from maintaining any public road not on the state highway system. Any DOT contract with a political subdivision for construction of a public road, not then, nor to become, part of the state highway system shall not relieve the political subdivision of the responsibility for maintaining the road. OCGA § 32-2-61 (e). The county, and not DOT, has the same responsibilities as does DOT for a state road regarding the construction, maintenance and all other work related to a county road. OCGA § 32-4-41 (1). DOT is liable only if the instant road is part of the state highway system.

DOT produced the affidavit of its Chief of Cartography that Route S 1850 (also known as county road 144) has been designated as part of the County Road System since the State Highway Department (now DOT) began keeping records in 1938. See OCGA § 32-4-2 (a). This shifted the burden to Jackson who attempted to refute this proof with the accident report which tended to show that the road was a state route. However, the state patrolman who prepared the report by affidavit declared that he had made a mistake and the road indeed was a county one. This would not fulfill Jackson's burden as the nonmoving party to show a genuine issue of material fact.[1] Neither would a 1961 resolution by Camden County that it would "at

---

[1] This is not to say that the entry by a highway patrolman on an accident report as to the road in question being part of the state system would not have evidentiary value vis-a-vis the testimony by the state official in charge of cartography that the road was not under state control.

its own cost and expense, maintain the project in a manner satisfactory to the Authority and State Highway Department, and will make ample provision each year for its maintenance." None of this overcomes the statutory directives and could not impose liability upon DOT for maintenance or repair. Liability is fixed by the statute.

Jackson has referred to testimony from depositions to sustain his contention that there is a factual issue with respect to the road's status. Jackson as appellant has the burden of showing error by record. However, these depositions were not included in the original record and cannot be used to substantiate Jackson's arguments. See *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981). As in *Brown*, in order for this court to ascertain whether the grant of summary judgment was erroneous, appellant must include in the record those items which will enable us to determine whether a genuine issue of material fact remains. In the absence of this information there is no basis for reversal.

Since there is no negligence attributed to the individual defendant Jones other than would be attributable to DOT, summary judgment in favor of DOT and Jones appears authorized. Nevertheless, Jackson contends that even if there is no liability for maintenance and repair an issue as to defective design remains. Defendants counter with Jackson's failure to file an affidavit contemporaneously with the complaint and their raising such issue in their initial responsive pleadings. OCGA § 9-11-9.1 (e). Jackson replies that his complaint was not for "professional malpractice" and thus the Code section is not applicable.

Designing roads requires "engineering services" which have been described as the performance of professional services within the purview of OCGA § 9-11-9.1 by the Supreme Court. *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (395 SE2d 809) (1990). Although Jackson argues that his complaint is not based upon professional malpractice, despite attempting to amend that complaint by adding an affidavit, the decision does not rest upon mere nomenclature used in the pleadings. *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77 (4) (403 SE2d 840) (1991); *Cotton v. Federal Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1980). "[T]he statute is not restricted to malpractice actions brought by plaintiffs who were clients of the professional, but extends to any litigant who alleges harm as a result of the defendant professional's negligent performance of professional services." *McLendon & Cox v. Roberts*, 197 Ga. App. 478 (398 SE2d 579) (1990). *Jordan, Jones & Goulding v. Wilson*, 197 Ga. App. 354 (398 SE2d 385) (1990).

"[E]ven in cases of 'clear and palpable' professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint." *Housing Auth. of Savannah*

*v. Greene*, 259 Ga. 435, 436 (383 SE2d 867) (1989). If the highway were defectively designed it was the result of professional negligence. In such instance, the failure to contemporaneously file an expert affidavit with the complaint was fatal. *McLendon & Cox*, supra at 479.

Summary judgment for the defendants was authorized.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED NOVEMBER 19, 1991 —

*Sutton & Slocomb, Berrien L. Sutton, Hallman & Associates, Ronald W. Hallman, for appellant.*

*Michael J. Bowers, Attorney General, Beverly B. Martin, George P. Shingler, Senior Assistant Attorneys General, Susan J. Levy, Staff Attorney, Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, for appellees.*