## A91A1815. HARDMAN v. KNIGHT.
### (417 SE2d 338)

COOPER, Judge.

Appellant, an attorney, filed suit against appellee, a former client, for the recovery of unpaid attorney fees. Appellee answered the suit and filed a counterclaim against appellant alleging professional malpractice. An affidavit of an attorney was attached to the counterclaim as an exhibit as required by OCGA § 9-11-9.1 (a); however, the affidavit was not signed. Less than one month later, appellee filed an amendment to his answer and counterclaim which included an affidavit signed by another attorney. Appellant filed a motion to dismiss the counterclaim pursuant to OCGA § 9-11-9.1 for appellee's failure to attach an executed affidavit to the initial counterclaim. The trial court first granted the motion to dismiss the original counterclaim because the affidavit filed was insufficient. Further, the court held that the exception of OCGA § 9-11-9.1 (e), which provides that the failure to file an affidavit can be cured by amendment only if the court determines that the claimant had the affidavit prior to filing the complaint and the failure to file was the result of a mistake, did not apply because an affidavit, albeit an insufficient one, was filed. However, the court then proceeded to hold that appellee could amend the answer to properly assert the counterclaim pursuant to OCGA § 9-11-13 (f), which allows an omitted counterclaim to be asserted by amendment with leave of court, when, among other things, "justice requires." The court determined that appellant would not be prejudiced or surprised by appellee's counterclaim since appellant was on notice of such by appellee's original answer. Also, the court noted the short time period between the original answer and the amendment and found that jus-

tice required appellee to be granted leave to present his counterclaim by amendment. Appellant's interlocutory appeal from this order was granted, and appellant enumerates that the court erred in holding that the affidavit required by OCGA § 9-11-9.1 can be provided by an amendment to a pleading pursuant to OCGA § 9-11-13 (f), and further, that the court erred in failing to dismiss the counterclaim asserted in the amended answer.

Appellant argues that OCGA § 9-11-9.1 is mandatory and provides only limited exceptions to the affidavit filing requirement, none of which is applicable in this case. Therefore, since OCGA § 9-11-9.1 prescribes the dismissal of a complaint if the requisite affidavit is not filed and the limited exceptions are not met, appellant urges that OCGA § 9-11-13 (f) cannot be used to circumvent the provisions of OCGA § 9-11-9.1. Appellee argues that OCGA § 9-11-13 (f) is the controlling statute; that OCGA § 9-11-9.1 does not prohibit amendment by way of OCGA § 9-11-13 (f); and that the court's discretion to allow the counterclaim to be asserted by an amended answer should be upheld. Although we have discovered no direct controlling precedent on this issue, our review of existing case law and the statutes persuades us to agree with appellant.

We first conclude that OCGA § 9-11-9.1 does apply to the assertion of a counterclaim by a defendant. OCGA § 9-11-9.1 (a) states that "[i]n any action for damages alleging professional malpractice," the plaintiff must file an expert's affidavit with the complaint. In *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 437 (2) (383 SE2d 867) (1989), the Georgia Supreme Court stated that "[u]nder the Civil Practice Act, an 'action' is defined as meaning 'the judicial means of enforcing a right' [cit.]," and held that third-party complaints come within the scope of that definition. Therefore, the *Greene* court held OCGA § 9-11-9.1 to be applicable to third-party complaints. Counterclaims, as well, are encompassed by the quoted definition of an "action" and are similarly subject to the affidavit requirement. Further, in *McLendon & Cox v. Roberts*, 197 Ga. App. 478, 479 (398 SE2d 579) (1990), we acknowledged that OCGA § 9-11-9.1 "extends to any litigant who alleges harm as a result of the defendant professional's negligent performance of professional services. [Cit.]"

OCGA § 9-11-9.1 (e) provides the only method by which the failure to file an affidavit with a complaint can be cured by amendment. Under the statute, an amendment to a complaint to add the affidavit is not allowed unless the court determines the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file was the result of a mistake. See *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991). Having concluded that counterclaims are subject to the requirements of OCGA § 9-11-9.1, we determine that

amendments to pleadings to assert counterclaims with respect to the filing of the expert affidavit should be subject to the limitations of paragraph (e) of the statute. In the instant case, the trial court correctly concluded that an amendment to the counterclaim is not allowed under OCGA § 9-11-9.1 (e). However, the trial court erred in circumventing those limitations by relying on OCGA § 9-11-13 (f) to allow the amendment to the answer to assert the new counterclaim. The motion to dismiss the original counterclaim and the amended counterclaim asserted by amendment should be granted.

The constitutional arguments raised by appellee were not raised to the court below, and we will not initially consider them on appeal.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I concur with the majority's judgment, but I would note that the reason the trial court could not permit the late filing of the expert affidavit pursuant to the exception provided in OCGA § 9-11-9.1 (e) is not because the original insufficient affidavit had been *filed*, as opposed to mistakenly not filed. Instead, it was because the defendant could not show, as required by that subsection of the statute, that the affidavit was available prior to the filing of the complaint. It was not merely due to an inadvertent mistake that an unsigned copy of the affidavit was filed with the counterclaim. Instead, the defendant admitted in his brief to the trial court that the attorney for whom the original affidavit had been drafted determined prior to the filing of the counterclaim that he was disqualified from offering an opinion in the case due to a conflict of interest. I do not want it to appear from this opinion that a claimant would necessarily be precluded from filing an amendment pursuant to OCGA § 9-11-9.1 (e) if, by inadvertent mistake, an unsigned copy of an affidavit was filed that was otherwise available to a claimant at the time of filing the malpractice claim.

OCGA § 9-11-9.1 (e) expressly states that the provisions of OCGA § 9-11-15, permitting amendments to complaints, cannot be used to circumvent the requirement of timely filing an expert affidavit with a complaint. By the same reasoning, I agree that the provisions of OCGA § 9-11-13, permitting amendment to pleadings to add a counterclaim, cannot be used to circumvent the requirement of timely filing an affidavit.

DECIDED FEBRUARY 24, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992 — 

*Shapiro, Fussell, Wedge & Smotherman, Robert B. Wedge, Adrienne L. Anderson, Connie H. Buffington,* for appellant.

*Beltran & Coffey, Frank J. Beltran, Simone R. Siex, Ralph Perales*, for appellee.