A92A1152. JORDAN v. LAMBERTH, BONAPFEL, CIFELLI, WILLSON & STOKES, P.A.
(424 SE2d 859)

BIRDSONG, Presiding Judge.

After Lamberth, Bonapfel, Cifelli, Willson & Stokes, P.A. sued Hilliard Rhodes Jordan, Jr., for breach of an agreement to pay legal fees and expenses, Jordan filed a counterclaim contending that Lamberth, Bonapfel failed to resolve certain of Jordan's tax liabilities and seeking compensatory and punitive damages. Thereafter Lamberth, Bonapfel moved for summary judgment on its claim against Jordan and moved to dismiss his counterclaim because he did not support the counterclaim with an affidavit as required by OCGA § 9-11-9.1. Lamberth, Bonapfel supported its motion for summary judgment with an affidavit from a member of the firm that set out the terms of the agreement with Jordan and Jordan's failure to make the payments required by the agreement. Lamberth, Bonapfel's motion to dismiss the counterclaim asserted that as the counterclaim alleged a

claim of professional negligence, Jordan's counterclaim should be dismissed because he did not comply with OCGA § 9-11-9.1. Jordan did not respond to the motion for summary judgment and to dismiss his counterclaim, and thereafter, the trial court granted Lamberth, Bonapfel's motion. Jordan now appeals contending that OCGA § 9-11-9.1 did not apply to his counterclaim and that the trial court erred by granting summary judgment. *Held*:

1. Jordan asserts that OCGA § 9-11-9.1 (a) applies to "any action for damages alleging professional malpractice" and not to counterclaims, that his counterclaim was not a professional malpractice action, and that in actions between professionals over an area in which they possess expertise, no affidavit under OCGA § 9-11-9.1 is required. Consequently, he argues that the trial court erred by applying OCGA § 9-11-9.1 to this action.

(a) "OCGA § 9-11-9.1 [applies] to the assertion of a counterclaim by a defendant. OCGA § 9-11-9.1 (a) states that '[i]n any action for damages alleging professional malpractice,' the plaintiff must file an expert's affidavit with the complaint. In *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 437 (2) (383 SE2d 867) (1989), the Georgia Supreme Court stated that '(u)nder the Civil Practice Act, an "action" is defined as meaning "the judicial means of enforcing a right" (cit.),' and held that third-party complaints come within the scope of that definition. Therefore, the *Greene* court held OCGA § 9-11-9.1 to be applicable to third-party complaints. Counterclaims, as well, are encompassed by the quoted definition of an 'action' and are similarly subject to the affidavit requirement. Further, in *McLendon & Cox v. Roberts*, 197 Ga. App. 478, 479 (398 SE2d 579) (1990), we acknowledged that OCGA § 9-11-9.1 'extends to any litigant who alleges harm as a result of the defendant professional's negligent performance of professional services. (Cit.)' " *Hardman v. Knight*, 203 Ga. App. 519, 520 (417 SE2d 338). Therefore, Jordan's assertion that OCGA § 9-11-9.1 does not apply to counterclaims is without merit.

(b) Jordan's second assertion is that his counterclaim does not allege a professional malpractice action. Review of Jordan's answer and counterclaim shows he claimed that resolution of Jordan's tax return "situation" for two years was to be part of the services to be rendered by Lamberth, Bonapfel; that Lamberth, Bonapfel did not resolve the tax situation; and that as a result of Lamberth, Bonapfel's failure, Jordan suffered certain damages which he sought to recover in his counterclaim. As this counterclaim alleges that Lamberth, Bonapfel, pursuant to its agreement with Jordan, had a duty to perform professional services for him which Lamberth, Bonapfel breached and Jordan was injured thereby, the counterclaim asserts a claim of professional negligence. *Hardman v. Knight*, supra. Moreover, "OCGA § 9-11-9.1 'applies to any action for professional mal-

practice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care.'" *Housing Auth. of Savannah v. Greene,* supra at 436. Therefore, the trial court did not err by applying the requirements of OCGA § 9-11-9.1 to Jordan's counterclaim.

(c) Jordan asserts that OCGA § 9-11-9.1 should not be applied to this action because the parties are professional with expertise in the matter before the court. This argument ignores the basis for the affidavit requirement of OCGA § 9-11-9.1, which is " 'to reduce the number of frivolous malpractice suits being filed,' *0-1 Doctors [Mem. Holding Co. v. Moore,* 190 Ga. App. [286,] 288 [(378 SE2d 708)]." *Gadd v. Wilson & Co.,* 262 Ga. 234, 235 (416 SE2d 285). Because the parties' knowledge of the subject matter would do nothing to evaluate the merits of an action they were determined to bring, this argument is also without merit. Moreover, since the OCGA § 9-11-9.1 affidavit was required by the General Assembly in cases alleging professional negligence, the trial court had no authority to create an exception when an affidavit was otherwise required.

2. Jordan asserts that the trial court erred by granting summary judgment on Lamberth, Bonapfel's claim against him because it contained claims of negligence or omission which are particularly within the province of the jury. This argument is patently without merit. This complaint asserted a claim of breach of contract. The affidavit attached to the motion for summary judgment, which was unrebutted, established the terms of the agreement, Jordan's breach, and consequently Lamberth, Bonapfel's right to recover against Jordan. *Hyman v. Horwitz,* 148 Ga. App. 647, 648-649 (252 SE2d 74). Under the circumstances, this was sufficient to satisfy the requirements of OCGA § 9-11-56, and the trial court did not err by granting the motion for summary judgment.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992.

*Jordan & Jordan, Hill R. Jordan,* pro se.
*Lamberth, Bonapfel, Cifelli, Willson & Stokes, Stuart F. Clayton, Jr.,* for appellee.